554 So.2d 145 (1989)
STATE of Louisiana, Appellee,
v.
Herbert L. McGHEE, Jr., Appellant.
No. 21092-KA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
*146 Hebert L. McGhee, Jr., Homer, pro. per.
Bobby L. Stromile, Asst. Dist. Atty., William J. Guste, Jr., Atty. Gen. and Henry N. Brown, Jr., Dist. Atty., Benton, for appellee.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Defendant, McGhee, proceeding pro se in this out-of-time appeal, is making his third appearance before this court. The facts and procedural history leading to his first appeal are reported in 469 So.2d 1051 (La. App. 2d Cir.1985). Pursuant to a plea agreement, defendant pled guilty to one count of aggravated burglary and one count of aggravated battery, thereby securing nonprosecution of charges of armed robbery, attempted aggravated rape and burglary of an inhabited dwelling. Thus, the defendant avoided a potential sentence of up to 50 years at hard labor without benefit of parole, probation, or suspension of sentence on the attempted aggravated rape charge, La.R.S. 14:42, 14:27D(1), and a potential sentence of up to 99 years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge, La.R.S. 14:64. He was sentenced to the maximum terms of 30 years at hard labor on the aggravated burglary conviction and 10 years at hard labor on the aggravated battery conviction, with the sentences to be served consecutively.
On defendant's first appeal, this court held that because the record neither reflected minimum compliance with La.C. Cr.P. Art. 894.1, nor articulated justification for the consecutive sentences, the convictions were affirmed but the sentences were vacated and the case remanded for resentencing.
On August 27, 1985, defendant was resentenced to serve 25 years at hard labor for aggravated burglary and 10 years at hard labor for aggravated battery, with the sentences to run concurrently. In August *147 1988 defendant contended he had informed his counsel he desired to appeal his sentences but no appeal was filed. He then sought post-conviction relief in the trial court. After his application was denied, he sought relief from this court. This court granted defendant's application and remanded the matter to the trial court. The district court was ordered to examine the transcript and the minutes of the defendant's sentencing hearing to determine whether he waived his right of appeal, and, in the absence of such a waiver, whether defendant was entitled to an out-of-time appeal. Defendant was granted an out-of-time appeal and waived his right to counsel, desiring to proceed pro se.
In this appeal, defendant has urged nine assignments of error. Finding that none of the assignments have merit, we affirm the sentence.
Factual Context
In the early morning of March 17, 1984, the defendant entered the residence of Natalie Runyan and Kelly Wilson, sisters who lived in Bossier City, Louisiana. Miss Runyan was preparing to go to work and had just stepped out of the shower. As she went to a closet to retrieve a pair of shoes, defendant grabbed her from behind and placed a large knife to her mouth. He ordered her into a bedroom which was occupied by the victim's sister. Upon observing the sister, the defendant ordered the victim into the other bedroom. Miss Runyan advised the defendant that he should leave because someone was coming to pick her up for work. The victim's sister had awakened while the defendant was in her bedroom and she, too, advised defendant that he should leave because someone was coming to take her sister to work. The victim told the defendant to take her purse or anything else, leave her, but just don't hurt her. The defendant took the purse and left the apartment. Miss Runyan did not receive any major injuries from the incident, but she did receive superficial wounds when the knife was placed against her mouth and throat. The defendant was apprehended after his car, which was seen in the parking lot of the apartment complex, was traced and determined to belong to him. Defendant admitted the facts referred to above were "pretty close" to what happened.
Assignments of Error No. 1 and 7
The defendant's first assignment of error is that the trial court erred in not adequately considering the issues presented in his uniform application for post-conviction relief. Issue 1, denial of the right to appeal is moot, having been cured by the granting of this out-of-time appeal. Issues 2 and 3, ineffective assistance of counsel and excessive sentence, have been separately raised as assignments of error on this appeal and need not be considered under this assignment of error. The last issue raised in defendant's application for post-conviction relief, and which he also raises as assignment of error number 7 on appeal, was an argument that under the Louisiana Constitution the district attorney is in the judiciary, so there is a violation of the separation of powers doctrine of the U.S. Constitution. However, La.C.Cr.P. Art. 61 vests in the district attorney control over criminal prosecutions in his district by allowing the district attorney to determine whom, when and how he shall prosecute. These powers of the district attorney are not in the hands of the judiciary; there is no violation of separation of powers. State v. Taylor, 495 So.2d 996 (La.App. 3d Cir. 1986), writ denied, 499 So.2d 84 (La.1987). Thus, this assignment has no merit.
Assignment of Error No. 2
Defendant next alleges the trial court erred in not giving him the opportunity to rebut or explain "misinformation" on which the court relied or to which it was exposed at the time of sentencing. Defendant states that at both the sentencing and the resentencing the`judge would not let him or his counsel refute or rebut any information contained in the presentence investigation report. However, a review of the transcripts of the original sentencing and the resentencing does not show any attempt whatsoever by defendant or his counsel to allege factual error. Our jurisprudence holds that the defense must make *148 a timely request for access to the presentence report and must show proof that the report contained false information materially prejudicial to the defendant. Absent such a request, there is no error. State v. Boone, 364 So.2d 978 (La.1978), cert. denied, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); State v. Berain, 360 So.2d 822 (La.1978). This assignment is without merit.
Assignments of Error 3-6
These assignments of error are briefed together by defendant and will be so addressed by this court since they all concern the sentence imposed by the trial court. The assigned errors question whether the trial court erred by imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.C. Cr.P. Art. 894.1. There is no merit to any of these assigned errors.
At the resentencing, the trial court reviewed the facts of the case as set forth above, without objection from defendant or his counsel. The court noted that defendant's actions created a very dangerous situation which placed the victim in a life threatening atmosphere.
Turning then to the personal history of defendant, the court noted that he was 26 years-old, had been reared in good homes under good economic conditions, was a high school graduate and had some college credit, was married with three children, was an enlisted member of the U.S. Air Force stationed at Barksdale A.F.B. at the time the offenses were committed, and his duty performance had been good. The defendant had no alcohol or drug problems as far as the court could determine.
Returning to the offenses committed, the court noted that defendant had no provocation which caused him to commit the offense, and there were no grounds tending to excuse or justify his conduct. The court also noted that defendant had a prior incident of violent conduct. Defendant had admitted he committed a rape in June 1983, according to the report provided by the probation officer. (Defendant now disputes this.) The court also noted that imprisonment would entail hardship to defendant's family, and that the court had received countless letters from the family and friends who had professed profound shock at what defendant had done. However, the court found defendant's violent conduct was such that a sentence to anything less than incarceration would deprecate the seriousness of the offense and, because of the dangerous conduct and the fact that there had been other dangerous conduct in the past, there was undue risk that defendant, if he received a suspended sentence, would commit still another offense. (Defendant's contention that the trial court erred by not considering a suspended or probated sentence is a misstatement of the matters of record.) The court found defendant's conduct indicated he was in need of a structured environment which could best be provided by a correctional institution.
Finally, considering that during commission of the aggravated burglary and the aggravated battery an armed robbery was also committed, the court was of the opinion that this case did approach the worst kind of aggravated burglary. Nonetheless, the court ordered the sentence for the aggravated burglary to run concurrently with that of the aggravated battery. The court then sentenced the defendant to 25 years at hard labor on the aggravated burglary charge, and to 10 years at hard labor on the aggravated battery charge.
It is obvious that the trial court adequately weighed the aggravating and mitigation factors in particularizing the sentence to this defendant. Equally, the court adequately complied with the provisions of La.C.Cr.P. Art. 894.1 as refined by our jurisprudence. The trial court noted the defendant's personal history, including his age, family ties, marital status, health, and employment record, as well as the defendant's prior criminal record, the seriousness of the offense and the likelihood of rehabilitation, in accord with State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981), and State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. *149 1988), writ denied, 521 So.2d 1143 (La. 1988).
A trial court is not required to suspend a sentence or grant probation for every first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Lanclos, supra; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). Defendant faced 50 years at hard labor for the attempted aggravated rape charge and up to 99 years at hard labor for the armed robbery charge, both of which would be without benefit of parole, probation or suspension of sentence. Defendant received a significant reduction in his potential exposure through his plea bargain and, in light of the concurrent nature of these sentences, received great leniency from the trial court.
On this record, this court cannot say the trial court abused its great discretion or committed any reversible error in imposing sentence. Defendant's assignments of error in this matter are without merit.
Assignment of Error No. 8
By this assignment defendant contends the trial court erred in failing to consider whether or not defendant had effective assistance of counsel. As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982). Only when the record discloses sufficient evidence to decide the issue should the issue be addressed on appeal. State v. Seiss, 428 So.2d 444 (La.1983). Defendant's claims of ineffective assistance have never been argued to any court and, at this point, are mere assertions. The record is insufficient for this court to make an intelligent review of the claim of ineffective assistance of counsel. The defendant's remedy is post-conviction relief where the quality of the attorney's performance can be fully developed and explored. State v. Prudholm, 446 So.2d 729 (La.1984).
Assignment of Error No. 9
Finally, defendant assigned all errors patent. We find none.
Decree
For the foregoing reasons, the sentences imposed are AFFIRMED.