GONZALES, Judge.
Eric Johnson was charged by bill of information with second degree battery, a violation of La.R.S. 14:34.1. He pled not guilty and, after waiving trial by jury, was convicted as charged. The trial court sentenced defendant to serve a term of thirty months imprisonment at hard labor, with credit for time served. Defendant has appealed, urging five assignments of error:
1. The trial court erred in concluding that the evidence adduced at trial established beyond a reasonable doubt that defendant had specific intent to inflict serious bodily injury.
2. The trial court erred in concluding that the cause of the injury is not relevant.
3. The trial court erred in concluding that, although the facts did not establish the defendant intended the injury, defendant’s intent to inflict serious bodily injury can be assumed from the injury.
4. The trial court erred in sentencing defendant based on a presentence investigation report which defendant was not allowed to traverse.
5. The sentence imposed is excessive and not commensurate with the gravity of the offense, youth of the offender, and prior history of criminal activity.
FACTS
On February 24, 1989, defendant struck Jim Templet once with his fist, causing serious and permanent injuries to Templet. On the date of the offense, defendant was seventeen years old and, by the time of the trial (almost eight months after the offense), Templet was sixteen years old. Templet arrived at the McDonald’s on Airline Highway in Gonzales at approximately 3:00 p.m. after school. After eating, he went outside to visit with friends. When he walked past Neal Brown, who was working on a stereo in a friend’s car, Tem-plet offered some advice. Templet and Brown did not really know each other prior to this date. Brown became indignant and invited the victim to fight. Templet was reluctant, but Brown persisted. Brown took off his shirt, earring, and hat, and pushed Templet. For a brief few minutes, the two young men fought and wrestled on the ground. .
At one point, defendant “jumped in” the fight. However, Dustin Breau stepped in and told defendant not to become involved. When the fight between Templet and Brown broke up, Brown walked away and Templet walked toward his friend, Breau. Without any provocation and without any warning to Templet, defendant struck Tem-plet once “square in the head” with his fist. Templet immediately stiffened and fell to the ground, hitting his head hard on the concrete. He was unconscious or “semiconscious” when he was taken by ambulance to the hospital. Templet suffered a fractured skull. Because of an accumulation of fluid on the brain, surgery was performed to relieve the pressure. As a *312 result of his injuries, he became totally deaf in the left ear, he lost the sense of smell, and he partially lost his sense of taste. He spent twenty-nine days in the hospital and two weeks at home after his release from the hospital.
SUFFICIENCY OF THE EVIDENCE
In three related assignments of error (numbers one, two, and three), defendant attacks the sufficiency of the state’s evidence. Specifically, defendant asserts that the state failed to prove that he intended to inflict serious bodily injury. Although defendant did not properly preserve the issue of sufficiency of the evidence by first filing a motion for post verdict judgment of acquittal before the trial court, see La.C.Cr.P. art. 821, we will consider the claim as it has been briefed pursuant to a formal assignment of error. See State v. Leagea, 554 So.2d 833, 835 (La.App. 1st Cir.1989).
In reviewing claims challenging the sufficiency of the evidence, this Court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979) (emphasis in original). See also La.C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
Second degree battery is defined in the statute as follows:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
* * * * * #
La.R.S. 14:34.1.
The crime of second degree battery requires a showing of specific intent. State v. Fuller, 414 So.2d 306, 310 (La.1982). Specific criminal intent is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La.R.S. 14:10(1). In a second degree battery prosecution, the state is required to prove that the defendant intentionally used force or violence upon the person of another without the consent of the victim and that the defendant actively desired that the victim would sustain serious bodily injury. See Fuller, 414 So.2d at 309-10; State v. Robinson, 549 So.2d 1282, 1284 (La.App. 3d Cir.1989).
In rendering the guilty verdict, the trial court noted that it found the evidence of defendant’s intentional use of force or violence and the resulting serious bodily injury to be overwhelming. However, the court stated that the question of whether or not defendant possessed the requisite specific intent was a closer issue. Although the court recognized that defendant “never in his wildest imagination dreamed or expected or wanted” the victim to become permanently disabled, the court determined that the state proved the element of specific intent beyond a reasonable doubt.
We find sufficient evidence to support the trial court’s verdict. As the court indicated, defendant hit Templet with a blow sufficient to knock Templet down to the ground. Considering that Templet weighed over 200 pounds on the date of the offense, defendant’s blow indeed must have been “terrible,” as the trial court described it. When defendant struck Tem-plet, he used his closed fist and hit Templet “square in the head.” As the witnesses indicated, defendant struck Templet on his “blindside.” Templet had no warning that he was going to be struck and, thus, had no opportunity to protect himself in any manner. Defendant most assuredly desired the prescribed criminal consequences to follow his actions. See State v. Daigle, 439 So.2d 595, 598 (La.App. 1st Cir.1983). See also Fuller, 414 So.2d at 310.
*313 These assignments of error are without merit.
OPPORTUNITY TO REBUT PRE-SENTENCE INVESTIGATION REPORT
In the fourth assignment of error, defendant argues that the trial court erred by not disclosing the contents of the presen-tence investigation report before sentencing and by not allowing defendant to rebut the report. Defendant maintains that the PSI contained false information (that defendant cracked a woman’s sternum at a club in Baton Rouge) and that the record does not support the trial court’s conclusion that defendant has a violent disposition.
When a defendant timely moves for disclosure of the presentence investigation report, alleging with particularity that it contains false information detrimental to the defendant, the trial court errs if the contents (absent the source of confidential information) are not disclosed and the defendant given an opportunity to contradict or explain substantially prejudicial information. State v. Simmons, 466 So.2d 777, 779 (La.App. 4th Cir.1985) (citing State v. Trahan, 367 So.2d 752, 754 (La.1978)). See La.C.Cr.P. art. 877; State v. Coleman, 574 So.2d 477, 480-81 (La.App. 2d Cir.1991). However, on appeal, in the absence of a designation of that portion of the record which would establish that defense counsel’s timely request to view the presentence report was denied, there is no error. See State v. Boone, 364 So.2d 978, 983 (La.1978), cert. denied, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979). See also La. C.Cr.P. 841 & 914.1(A); State v. McGhee, 554 So.2d 145, 147-48 (La.App. 2d Cir. 1989).
Defendant maintains that the trial court denied him access to the PSI. In support of this argument, defendant claims that the statement in the written reasons for sentence which says he had access to the PSI is incorrect. Defendant also claims that the trial court relied on false information in imposing the sentence.
It is well-settled that courts of appeal are courts of record and have no authority to review facts not contained in the trial court record. See State v. Swan, 544 So.2d 1204, 1209 (La.App. 1st Cir.1989). Both the written reasons for the sentence and the trial court’s comments at the sentencing proceeding specifically state that the PSI was made available to defendant and his attorney. In reviewing the record, we have found no indication that counsel timely requested to view the PSI. Defense counsel also did not object when the trial court mentioned the alleged false information, nor did he attempt to traverse the PSI in any manner. Furthermore, he did not request a hearing or offer any evidence. Accordingly, defendant’s claims are not supported by the record and defendant is precluded from now raising his claim that the trial court denied him access to, or an opportunity to traverse, the PSI.
The assignment of error is without merit.
EXCESSIVE SENTENCE
In the last assignment of error, defendant argues that the sentence he received is excessive. Defendant states that he received half the maximum sentence for hitting another high school student although he did not contemplate that the victim would be injured to such an extent.
The penalty for second degree battery is a fine of not more than two thousand dollars or imprisonment, with or without hard labor, for not more than five years, or both. La.R.S. 14:34.1. Thus, defendant’s sentence of thirty months imprisonment at hard labor complies with the statutory requirements.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194, 200 (La.1981), cert. denied, 454 U.S. *314 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). The determination turns upon the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704, 705 (La.1982).
Before sentencing defendant in the instant case, the trial court gave extensive reasons, in compliance with article 894.1 of the Louisiana Code of Criminal Procedure. The court noted the severity of the offense. Defendant struck the victim without provocation and caused severe and permanent injuries. The court also detailed other examples of defendant’s disposition toward violent behavior. Next, the court expressed concern about defendant’s attitude to the instant offense. The court felt that defendant made light of his actions by telling the probation officer that the victim was not suffering any major problems as a result of the injuries. The court also explained that, although defendant had no prior convictions, information contained in the PSI showed prior criminal activities. Defendant was arrested, in 1988, for disturbing the peace and arrested, after the date of the instant offense, for returning where forbidden. The initial arrest was not prosecuted; and the latter charge was pending at the time of the sentencing in the instant case. Other evidence of illegal activities included defendant’s use of drugs, which by his own admission began at age seventeen, defendant’s use of steroids, and defendant’s participation in fights on various occasions. The court concluded that defendant's criminal conduct in this case resulted from circumstances likely to occur again. Because defendant had threatened the victim and witnesses after the offense, the trial court felt that his character and attitude showed that he likely would commit further crimes and would not respond to probation.
The court also considered various mitigating factors. After striking Templet, defendant remained to render aid. He was only seventeen on the date of the offense, his parents were divorced, and his childhood had been turbulent. At the time of the sentencing, defendant was helping to support his girlfriend and her young son.
In light of the extensive reasons cited by the trial court and the extreme injuries which the victim sustained, we find no abuse of discretion in the trial court’s imposition of a thirty month sentence. The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.