838 So.2d 841 (2003)
STATE of Louisiana
v.
James Danny JACKSON.
No. 02-1250.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
*842 Paula C. Marx, Louisiana Appellate Project, Region 2 & 3, Lafayette, LA, for Appellant: James Danny Jackson.
Earl Taylor, District Attorney, 27th Judicial District, Opelousas, LA, for Appellee: State of Louisiana.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.

STATEMENT OF THE CASE
COOKS, Judge.
James Danny Jackson was charged by bill of information with the second degree battery of Randy Tomlinson. Jackson entered a plea of not guilty, waived his right to a jury trial and was tried by the judge on July 31, 2002. He was found guilty of second degree battery and sentenced to serve four years at hard labor. The sentence was to run concurrently with any other sentence Jackson was serving.
The facts are as follows. Tomlinson owns a self-serve, coin-operated carwash on Union Street in Opelousas. On numerous occasions, Tomlinson has asked Jackson to leave the carwash. Tomlinson felt Jackson was hurting his business by bucket washing vehicles and harassing customers. On January 21, 2002, Jackson arrived at the carwash with a bucket full of cleaning supplies and attempted to hide behind the equipment room. Tomlinson approached Jackson and told him to leave the carwash. From that point the testimony differs. Tomlinson testified he did not touch or push Jackson prior to being hit. He was bending down to pick up the bag of cleaning supplies when Jackson struck him three times on the left jaw with his fist. Jackson testified Tomlinson reached down to pick up the bag of cleaning supplies, lost his balance and pushed Jackson back. At that point, Jackson hit him twice on the right jaw. Jackson testified he is right-handed.
Tomlinson sought medical attention at the Opelousas General Hospital emergency room. Medical records indicated Tomlinson had redness and edema on the left and right sides of his face and an abrasion to the left lip. He also reported pain on the left and right sides of his jaw and difficulty swallowing. The emergency room physician prescribed Lortab for pain. Tomlinson was referred to Dr. Robin C. Ardoin, *843 an oral surgeon. An examination by Dr. Ardoin indicated swelling of and pain in the right temporomandibular joint and the external auditory canal. Panorex x-ray revealed an anterior dislocated right temporomandibular joint with probable derangement of the jaw. Dr. Ardoin recommended surgery with a steroid injection to clear the possible blood in the joint. On January 22, 2002, Dr. Ardoin performed arthrocentesis surgery on Tomlinson's right temporomandibular joint to relieve pain and swelling. Brackets with elastic traction were placed on Mr. Tomlinson's teeth which were not removed until February 6, 2002. Tomlinson testified he was in pain for "a good three weeks" and he could not chew or bite down and had problems eating for four to six weeks following the incident.
The trial court found the evidence supported a conviction for second degree battery. The court stated:
I've listened to the testimony of the witnesses and I've judged the credibility of the witnesses under the circumstances. The burden is on the State to prove its case beyond a reasonable doubt. I find that the State has met [its] burden in this case. I believe the story of Mr. Tomlinson and I don't believe the story of the defendant in this case. Therefore, he's found guilty of second degree battery.
For the reasons assigned below, we affirm the decision of the trial court.

LAW AND DISCUSSION
Defendant, Jackson, contends the State failed to prove, beyond a reasonable doubt, the elements required for a conviction under the second degree battery statute. Louisiana Revised Statute 14:34.1 provides in relevant part:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
To prove second degree battery, the State must show the defendant: (1) committed a battery upon another; (2) without his consent and; (3) intentionally inflicted serious bodily injury. State v. Young, XXXX-XXXX (La.11/28/01); 800 So.2d 847. Jackson does not dispute he used force or violence upon Tomlinson without his consent. However, Jackson contends he did not intend to inflict serious bodily injury upon Tomlinson and further, the injuries sustained by Tomlinson do not meet the definition of serious bodily injury.

SPECIFIC INTENT
Specific intent is defined in La.R.S. 14:10(1) as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." In State v. Robertson, 98-883 (La.App. 3 Cir. 12/9/98); 723 So.2d 500, writ denied, 99-0658 (La.6/25/99); 745 So.2d 1187, this court discussed proof of specific intent, stating:
[S]pecific criminal intent need not be proven as fact but may be inferred from the circumstances of the case and actions of the defendant. State v. Mackey, 96-817 (La.App. 3 Cir. 12/11/96); 687 So.2d 465, writ denied, 97-1814 (La.3/13/98); 712 So.2d 865; State v. Clark, 93-1470 (La.App. 3 Cir. 10/5/94); 643 So.2d 463.
Id. at p. 6, 723 So.2d at 504.
Tomlinson testified Jackson struck him when he was bending down to grab *844 Jackson's bag of cleaning supplies. Tomlinson had no warning he was going to be hit and no opportunity to protect himself. In State v. Johnson, 602 So.2d 310 (La. App. 1 Cir.1992), the court held the defendant desired the consequences of his actions when he struck the victim on his blind side and the victim had no warning he was going to be struck and no opportunity to protect himself. We find the trial court correctly concluded the facts support a finding that Jackson had the requisite specific intent to inflict serious bodily injury when he struck Tomlinson three times in the face.

SERIOUS BODILY INJURY
Defendant, Jackson, contends the injuries he inflicted upon Tomlinson do not rise to the level of serious bodily injury within the definition of La.R.S. 14:34.1. To sustain a conviction for second degree battery under the statute, the State must prove beyond a reasonable doubt the injury inflicted "involved unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." Id. The term extreme physical pain refers to a condition which most people of common intelligence can understand. State v. Thompson, 399 So.2d 1161, 1168 (La.1981). It is considered subjective in nature and susceptible to interpretation. Id.
Medical records indicate Tomlinson had swelling on the left side of his face, an abrasion to his lip and difficulty swallowing. He suffered a dislocated temporomandibular joint and required surgery to repair the injury inflicted by Jackson. Tomlinson testified he was in pain for "a good three weeks" and could not chew or bit down. He testified he had problems eating for four to six weeks.
In State v. Hernandez, 96-0115 (La.App. 4 Cir. 12/18/96); 686 So.2d 92, the court upheld the defendant's conviction for second degree battery when the victim's injuries consisted of a cut to her right eye and nose area, a cut on her shoulder and a cut on her finger. The victim testified the injuries burned.
In State v. Accardo, 466 So.2d 549 (La. App. 5 Cir.1985), writ denied, 468 So.2d 1204 (La.1985), the defendant, a twenty-one year old male struck a seventeen year old female on the head with either his fist or a blackjack. The blow caused pain and swelling to the victim's head. The court found the evidence was sufficient to establish the victim suffered serious bodily injury within the meaning of the second degree battery statute even though the victim did not lose consciousness and she did not testify she was in extreme physical pain.
In State v. Helou, 2002-77 (La.App. 3 Cir. 6/5/02); 822 So.2d 647, this court held the State proved the victim suffered serious bodily injury to his nose even though the victim did not have a broken nose nor did the injury require stitches. The evidence indicated the victim received medical treatment and was given pain medication.
In Young, 00,1437, 800 So.2d 847, the supreme court affirmed a jury verdict finding the jury could reasonably have concluded the defendant intended to inflict serious bodily injury when he choked the victim. The victim testified he coughed frequently, cleared his throat and had trouble talking. The court found the State proved the defendant intended to cause "impairment of the function of a bodily member."
Mr. Tomlinson's medical records reflect he had a dislocated jaw for which he received various pain medications. *845 Surgery was required to repair the injury and he experienced pain and was unable to chew or bite down for several weeks following the incident. Although Tomlinson was not rendered unconscious, the record supports the conclusion that he did suffer extreme physical pain and protracted impairment of a bodily function within the meaning of the statute. We conclude the State proved the elements of second degree battery and, therefore, affirm the Defendant's conviction.

DECREE
Based on the foregoing review of the evidence, we affirm the conviction of the defendant, James Danny Jackson.
AFFIRMED.