SUSAN M. CHEHARDY, Judge.
|pOn appeal, defendant, a juvenile, challenges his adjudication as delinquent for committing second degree battery. For the following reasons, we affirm defendant’s adjudication.

Facts and Procedural History

At approximately 7:00 a.m. on the morning of October 15, 2009, C.R.[1] and K.L. exchanged words at the school bus stop. K.L. testified that C.R. approached from behind, put his arm around K.L.’s neck, and choked him until he blacked out. The next thing K.L. remembered was being at home. K.L. further stated that his mother took him to the hospital that day.
KL.’s mother confirmed that she took her son to the hospital that day. The treating physician determined that K.L. had struck his head, sustained a concussion, and contusions on his face. The State introduced photographs of blood on the concrete where K.L. struck his head.
C.R. testified, on the other hand, that he and K.L. were exchanging words at the bus stop when K.L. punched C.R. and ran away. C.R. stated that he chased |SK.L. and pushed him to the ground, which caused injury to K.L.’s head. He denied choking K.L. during this altercation.
On October 19, 2009, the Jefferson Parish District Attorney filed a delinquency petition in juvenile court charging C.R. *1123 with second degree battery, in violation of La. R.S. 14:34.1. On October 23, 2009, the juvenile appeared and denied the allegations.
On December 9, 2009, the defense challenged the juvenile’s competency to proceed and the court appointed a competency commission. On February 3, 2010, the trial court found C.R. incapable of assisting in his defense, ordered him to participate in restoration classes, and ordered a psychiatric evaluation. On May 11, 2011, the trial court found that C.R. had successfully completed the restoration classes and deemed him competent to proceed.
On June 1, 2011, after hearing the testimony and evidence at the delinquency hearing, the trial judge found that the State had met its burden that C.R. had committed second degree battery and adjudicated C.R. as delinquent. On July 7, 2011, at the disposition hearing, the judge committed C.R. to the Office of Juvenile Justice for one year, suspended, and placed C.R. on two years of active probation. On July 22, 2011, the court granted the juvenile’s motion for appeal. This appeal follows.

Law and Analysis

In his only assignment of error, C.R. argues that the trial judge erred in adjudicating C.R. delinquent when there was insufficient evidence that C.R. committed second degree battery. Specifically, C.R. contends that the State did not prove that he had specific intent to inflict serious bodily injury on K.L.
In order for the court to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the 14petition. La. Ch.C. art. 883; State in Interest of R.T., 00-0205 (La.2/21/01), 781 So.2d 1239, 1241; State v. B.E., 616 So.2d 211, 214 (La.App. 5 Cir.1993). The constitutional standard of appellate review in a juvenile proceeding is also the same as that in an adult proceeding. State in Interest of R.T., (citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
In reviewing the sufficiency of the evidence, an appellate court must determine whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the State proved all of the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, swpra; State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953, p. 4 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885.
In this case, C.R. was adjudicated delinquent for committing second degree battery, in violation of La. R.S. 14:34.1. To convict a person of second degree battery, the State must prove that the defendant: (1) used force or violence upon the person of another; (2) without the consent of the victim; and, (3) intentionally inflicted serious bodily injury. State v. Young, 00-1437, p. 9 (La.11/28/01), 800 So.2d 847, 852. As specified in La. R.S. 14:34.1(B),
serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ or mental faculty, or a substantial risk of death. (Emphasis added).

Id.

Here, C.R. only challenges the trial court’s finding that he had specific intent to inflict serious bodily injury on K.L. C.R. does not denying injuring K.L. but 15rather argues that he struck K.L. in retaliation and accidentally caused K.L.’s injuries.
*1124 In Louisiana, specific intent is defined as that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10. Because specific criminal intent is a state of mind, it need not be proven as fact but may be inferred from the circumstances and the actions of the accused. State v. Meyers, 95-750 (La.App. 5 Cir. 11/26/96), 683 So.2d 1378; State v. Nguyen, 95-1055 (La.App. 5 Cir. 3/26/96), 672 So.2d 988, writs denied, 96-1019 (La.10/4/96), 679 So.2d 1377; 96-2087 (La.10/7/96), 680 So.2d 639.
Specific intent to inflict great bodily harm may be inferred from the extent and severity of the victim’s injuries. State v. Cochran, 09-85 (La.App. 5 Cir. 6/23/09), 19 So.3d 497, 504, writ denied, 09-1742 (La.3/26/10), 29 So.3d 1249. The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741 (La.1982); State v. Meyers, supra.
Upon review, we conclude that any rational trier of fact could find that the State proved that C.R. had specific intent to inflict serious bodily injury on K:L. during the incident in question. Here, the victim testified that C.R. came up behind him and choked him until he blacked out.[2] Further, La. R.S. 14:34.1(B) defines serious bodily injury as bodily injury involving “unconsciousness ... or impairment of the function of a[n] organ or mental faculty....” Jurisprudence also supports the trial court’s finding that defendant had specific intent to inflict serious bodily injury when he choked the victim to the point of unconsciousness. State v. Young, |fi800 So.2d at 852-53; State v. Bernard, 39,579, p. 6-7 (La.App. 2 Cir. 4/6/05), 899 So.2d 818, 822-23.
Although we recognize that C.R. offered a different version of events, this does not bear on the sufficiency of the evidence. Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, this bears on the weight of the evidence, not its sufficiency. State v. Walker, 10-536, p. 13 (La.App. 5 Cir. 5/10/11), 66 So.3d 486, 494-95, writ denied, 11-1103 (La.11/23/11), 76 So.3d 1149.
In this case, the trial judge believed the victim’s version of the incident rather than C.R.’s version. This is a credibility determination based on many factors, including the demeanor of the witnesses. See, State v. B.E., 616 So.2d 211, 215 (La.App. 5 Cir.1993). The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Walker, 66 So.3d at 494. The credibility of witnesses will not be reweighed on appeal. Id. at 495. This assignment of error lacks merit.

Errors Patent

Finally, we have reviewed the record for errors patent, pursuant to La.C.Cr.P. art. 920. State ex rel. T.S., 04-1111 (La.App. 5 Cir. 3/1/05), 900 So.2d 77, 82. The review reveals no errors that require correction.

Conclusion

For the foregoing reasons, defendant’s adjudication is affirmed.

AFFIRMED

. C.R.’s date of birth is October 16, 1997. The incident on October 15, 2009 occurred the day before C.R.’s twelfth birthday. In order to maintain the confidentiality of the proceedings, as required by La. Ch.C. art. 412, we will refer to any juveniles involved by their initials.

. The testimony of the victim alone is sufficient to prove the elements of an offense. State v. Brown, 04-1113 (La.App. 5 Cir. 3/29/05), 901 So.2d 492, 497.