NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 18-228


STATE OF LOUISIANA

VERSUS

FRANCK A. LOUIS


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 76429
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Phyllis M. Keaty, and Van H. Kyzar, Judges.


**CONVICTION AND SENTENCE FOR SECOND DEGREE BATTERY AFFIRMED; MOTION TO WITHDRAW GRANTED. MISDEMEANOR CONVICTION AND SENTENCE FOR FALSE IMPRISONMENT SEVERED FROM APPEAL.**

**Don M. Burkett**
**District Attorney**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Franck A. Louis**

**Anna Louise Garcie**
**P. O. Box 575**
**Many, LA 71449**
**(318) 729-9104**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**EZELL, Judge.**

Defendant, Franck A. Louis, was charged by bill of information filed on January 9, 2017, with second degree battery, a violation of La.R.S. 14:34.1, and false imprisonment, a violation of La.R.S. 14:46. On May 3, 2017, Defendant waived his right to trial by jury, and a bench trial commenced on July 19, 2017. Defendant was subsequently found guilty on both counts. On October 26, 2017, Defendant was sentenced to serve four years at hard labor for second degree battery and six months for false imprisonment, with the sentences to run concurrently. Defendant filed a Motion to Reconsider Sentence on November 9, 2017. At a hearing on the motion, the trial court reduced the sentence for second degree battery to two years at hard labor. A Motion for Appeal was filed on December 22, 2017 and was subsequently granted.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant her accompanying motion to withdraw. Defendant was advised, via certified mail, that counsel filed an *Anders* brief. Defendant was given until July 25, 2018, to file a pro se brief, and he failed to do so. For the following reasons, we affirm the conviction and sentence for second degree battery, sever the conviction and sentence for false imprisonment, and grant appellate counsel's motion to withdraw.

**FACTS**

On November 22, 2016, Defendant invited the victim, Kim Miller, to his home for a drink, and she accepted the invitation. Miller testified she had several alcoholic drinks and a hit of crack cocaine while at the residence. Defendant later asked Miller for sex, and she declined. Miller subsequently went home. Miller

returned to Defendant's house after he requested that she do so and promised he would not ask her for sex again. Once back at the Defendant's home, Miller had a couple more drinks and another hit of crack cocaine. Miller testified the Defendant then hit her in an attempt to make her have sex with him, and she slapped his hand. Defendant hit Miller again, telling her she could not leave, and she had to die. Next, Defendant bit her and stomped her, and she passed out. She later woke up naked. Defendant was sleeping at that time, so Miller sneaked out of the house without dressing. She then ran to the home of Quintkia Cade, tripping and falling in the grass more than once. Cade called for help, and an ambulance transported Miller to the hospital where she stayed for two days.

Patrolman Tim Harper said Miller's jaws were swollen, she had a swollen right eye, and a bite mark on her face. Defendant reported that he tried to get Miller to leave his home, and she refused, so, they started pushing each other.

Nurse Patty Davis testified that, while at the hospital, Miller rated her pain a ten, almost unbearable pain, on the pain scale. Miller had a bruise to the right side of her face and an abrasion on the left cheek. Her right eye was swollen shut, and her upper lip was swollen. Miller's medical records also referenced bite marks and places where she had been kicked and stepped on.

Defendant testified that Miller drank most of a bottle of alcohol and smoked crack cocaine at his home. He felt he had been tricked because she refused to have sex with him, so he asked her to leave. She refused, and, at some point, he broke the crack pipe. Miller then left. Defendant claimed Miller fell numerous times while at his home, including falling on top of a drum set. He denied striking Miller.

# ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are two errors patent and a procedural issue noted by appellate counsel and addressed in the *Anders* analysis below.

# *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating she could find no errors on appeal that would support reversal of Defendant's conviction or sentence for second degree battery. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional

rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*, 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the [trier of fact] for its consideration." *Id.* Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Trial counsel filed a pleading titled "Assignments of Error" on December 22, 2017. Therein, he asserted the following:

a) There was insufficient evidence to sustain a conviction on the charge of second degree battery in light of the testimony of Kim Miller who admitted using drugs and tripping and falling when leaving Mr. Louis' home. Furthermore, Ms. Miller's testimony of excessive drug and alcohol use on the night in question put all of her testimony in question.

b) Considering the defendant is a first felony offender, the sentence is harsh and excessive to the degree that it is cruel and unusual punishment.

In her *Anders* brief, appellate counsel addresses these two assignments of error.

Appellate counsel first discusses the sufficiency of the evidence to support Defendant's conviction for second degree battery. Counsel notes the State was required to prove Defendant committed a battery, without the victim's consent, and intentionally inflicted serious bodily injury. Counsel discusses Miller's testimony and notes that this court has rejected arguments that the type of injuries suffered by Miller do not constitute serious bodily injury. In support of this contention,

4

appellate counsel cites *State v. Jackson*, 02-1250 (La.App. 3 Cir. 2/5/03), 838 So.2d 841, *writ denied*, 03-832 (La. 10/17/03), 855 So.2d 759. Therein, this court addressed serious bodily injury within the definition of La.R.S. 14:34.1, stating:

> In *State v. Hernandez*, 96-0115 (La.App. 4 Cir. 12/18/96); 686 So.2d 92, the court upheld the defendant's conviction for second degree battery when the victim's injuries consisted of a cut to her right eye and nose area, a cut on her shoulder and a cut on her finger. The victim testified the injuries burned.
>
> In *State v. Accardo*, 466 So.2d 549 (La.App. 5 Cir.1985), *writ denied*, 468 So.2d 1204 (La.1985), the defendant, a twenty-one year old male struck a seventeen year old female on the head with either his fist or a blackjack. The blow caused pain and swelling to the victim's head. The court found the evidence was sufficient to establish the victim suffered serious bodily injury within the meaning of the second degree battery statute even though the victim did not lose consciousness and she did not testify she was in extreme physical pain.
>
> . . . .
>
> In [*State v.*]*Young*, 00,1437 [sic], [(La. 11/28/01),] 800 So.2d 847, [*aff'd in part*, 00-1437 (La. 11/28/00), 800 So.2d 847,] the supreme court affirmed a jury verdict finding the jury could reasonably have concluded the defendant intended to inflict serious bodily injury when he choked the victim. The victim testified he coughed frequently, cleared his throat and had trouble talking. The court found the State proved the defendant intended to cause "impairment of the function of a bodily member."

*Id.* at 844.

Appellate counsel notes that, notwithstanding Miller's testimony that she fell in the grass while leaving Defendant's home, the medical evidence reflecting bite marks and places where she had been kicked and stepped on corroborate her testimony that Defendant was the cause of her injuries. While Defendant denied the allegations, the trial court chose to believe Miller's version of the events. Appellate counsel suggests this court should not second-guess that credibility determination. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979); *State*

*ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). Thus, the State proved the elements of second degree battery beyond a reasonable doubt. Accordingly, Defendant's conviction should be affirmed. We find appellate counsel's conclusions are correct.

Appellate counsel also addresses the excessiveness of Defendant's sentence for second degree battery. Appellate counsel notes the only relevant question is whether the trial court abused its discretion in imposing the sentence not whether another sentence, might be more appropriate. *State v. Soraparu*, 97-1027 (La. 10/13/97), 703 So.2d 608. Appellate counsel asserts a two-year sentence is in the low range for second degree battery, and she cannot argue the trial court abused its discretion nor that the sentence imposed is constitutionally excessive considering the facts of the crime and the reduction of the original sentence.

Second degree battery is punishable by a fine of not more than $2,000 or imprisonment with or without hard labor for not more than eight years, or both. La.R.S. 14:34.1. Defendant was ultimately sentenced to serve two years at hard labor, and no fine was imposed. Although Defendant is a first felony offender, he previously pled guilty to two counts of domestic abuse battery.

Defendant's two-year sentence is not excessive, particularly in light of the trial court's granting of his motion to reconsider sentence and his history of violence toward others.

Appellate counsel addresses two errors patent. First, counsel contends the lack of a written waiver of jury trial resulted in a violation of La.Code Crim.P. art. 780; however, she notes that there was a valid waiver in open court.

6

Defendant was entitled to a jury trial in this case. *See* La.R.S. 14:34.1 and La.Code Crim.P. art. 782. Louisiana Code of Criminal Procedure Article 780 (emphasis added) states:

> A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.
>
> B. The defendant shall exercise his right to waive trial by jury in accordance with Article I, Section 17 of the Constitution of Louisiana. The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. *The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel.*
>
> C. With the consent of the district attorney the defendant may waive trial by jury within forty-five days prior to the commencement of trial.
>
> D. A waiver of trial by jury is irrevocable and cannot be withdrawn by the defendant.

The record reveals no written waiver of jury trial as required by La.Code Crim.P. art. 780. However, court minutes reflect that defense counsel advised the court in Defendant's presence that Defendant wished to waive his right to a trial by jury. The court confirmed that Defendant could read, write, speak the English language, was not under a doctor's care for any physical or mental illness, and was not under the influence of drugs, alcohol, or any other medication. Defendant indicated that he had discussed the right to a trial by jury with his attorney, and the court stated it was satisfied Defendant knowingly, intelligently, and voluntarily waived his right to a jury trial.

In *State v. Bell*, 13-1443 (La.App. 3 Cir. 6/4/14), 140 So.3d 830, this court held that the absence of a written waiver of jury trial as required by La.Code Crim.P. art. 780 was harmless error where the defendant and his counsel were in

7

open court when the judge addressed the defendant's right to a jury trial and his waiver thereof. Accordingly, the error in failing to obtain a written waiver in violation of La.Code Crim.P. art. 780 is harmless under the facts of this case.

Next, appellate counsel notes there was a misjoinder of offenses in the bill of information waived by Defendant's failure to file a motion to quash. Offenses may be joined in a single indictment under limited circumstances if the offenses are triable by the same mode of trial. La.Code Crim.P. art. 493. In the present case, count one, second degree battery, is triable by a jury of six, all of whom must concur to render a verdict. La.R.S. 14:34.1; La.Code Crim.P. art. 782. Count two, false imprisonment, is a misdemeanor triable by a judge only. La.R.S. 14:46; La.Code Crim.P. art. 779(B). Thus, the two counts were improperly joined in the bill of information. However, review of the error is waived by Defendant's failure to file a motion to quash. La.Code Crim.P. art. 495; *State v. Newton*, 12-509 (La.App. 3 Cir. 2/13/13), 129 So.3d 1.

Counsel further correctly notes the misdemeanor charge of false imprisonment, not triable by jury, is not appealable. In *Newton*, 129 So.3d at 4, this court explained the mode of review in situations such as this:

> In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La.12/12/05), 917 So.2d 1084, this court severed a misdemeanor conviction from the defendant's appeal of two felony convictions. This court ordered the defendant to file a writ of review regarding the misdemeanor conviction in compliance with the rules of court. This court noted that the defendant did not make any specific arguments regarding the misdemeanor conviction. Consequently, this court considered the notice of appeal as a notice to file a writ of review within thirty days of its opinion, if the defendant desired to seek review of the misdemeanor conviction.
>
> In this case, the Defendant does not raise any assignment of error regarding the misdemeanor conviction. Therefore, following this Court's holding in *Turner*, we will sever the misdemeanor conviction from the appeal and order Defendant to file a writ of

review regarding the misdemeanor conviction in compliance with the Uniform Rules—Courts of Appeal 1-3, if he so desires.

The same should be done in the present case, especially considering counsel requests severance of the misdemeanor conviction with Defendant being given the opportunity to file a writ of review if he chooses.

Appellate counsel further addresses an alleged discrepancy in the minutes of November 30, 2017. Appellate counsel asserts the minutes indicate both convictions for second degree battery and false imprisonment were taken up on the motion to reconsider sentence. However, it is clear that the reduction of sentence applied to the second degree battery conviction only. Appellate counsel suggests the minutes of court be corrected.

The minutes of November 30, 2017, read, in part:

STATE OF LOUISIANA                                **Case #17-CR-076429**

VS                                          CHARGE:

FRANCK A LOUIS*                             SECOND DEGREE BATTERY

                                            FALSE IMPRISONMENT

Case fixed today for Motion to Reconsider Sentence. The defendant was present in court with his attorney, Kevin Berg. The State was represented by Anna Garcie, Assistant District Attorney. The Court advised that he has received a letter from persons at Kings Chapel which he provided a copy to the State and Defense. **FRANCK LOUIS** was called, sworn, examined by Mr. Berg and made statements to the Court. Mr. Berg made arguments to the Court. After no objection, the letter from King's Chapel was filed into the record. The Court ordered the defendant's sentence be REDUCED to **TWO (2) YEARS** at **HARD LABOR**. The Court advised the defendant he has two (2) years from the date the sentence becomes final to apply for Post-Conviction Relief. The Court noted the State's objection.

The minutes of court do not explicitly indicate the motion to reconsider sentence was applicable to the false imprisonment conviction. Thus, there is no need for correction of the minutes.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts, and have confirmed the statements made by appellate counsel. Defendant was properly charged in the bill of information, he was present and represented by counsel at all crucial stages of the proceedings, the verdict for second degree battery was correct, and he received a legal sentence for second degree battery.

Review of the record reveals no issues that would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence for second degree battery are affirmed, and counsel's motion to withdraw is granted. Defendant's misdemeanor conviction and sentence for false imprisonment are severed from the appeal, and Defendant is ordered to file a writ of review regarding the misdemeanor conviction within thirty days of the court's ruling, if he so desires.

**CONVICTION AND SENTENCE FOR SECOND DEGREE BATTERY AFFIRMED; MOTION TO WITHDRAW GRANTED. MISDEMEANOR CONVICTION AND SENTENCE FOR FALSE IMPRISONMENT SEVERED FROM APPEAL.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.