WHIPPLE, C.J. dissenting.
In his sole assignment of error, T.C. argues that the State did not provide sufficient evidence to establish that he had the specific intent to cause serious bodily injury to M.J. when he struck him. In support, T.C. points to some of the court's reasoning when ruling on the adjudication. Specifically, T.C. contends that the comments of the juvenile court demonstrate a mistaken belief that second degree battery is a general intent crime, thereby warranting that the adjudication be vacated and modified to a disposition of delinquency for simple battery. I disagree.
Pursuant to LSA-R.S. 14:34.1 :
A. Second degree battery is a battery[1] when the offender intentionally inflicts serious bodily injury[.]
In order to prove a second degree battery, the State must prove the juvenile: (1) committed a battery upon another, (2) without his consent, and (3) intentionally inflicted serious bodily injury. State v. Young, 2000-1437 (La. 11/28/01), 800 So.2d 847, 852.[2]
However, Louisiana jurisprudence contemplates a wide range of conduct, resulting in a wide range of consequences, considered to be evidence of specific intent to cause serious bodily injury. See State v. Fuller, 414 So.2d 306, 310 (1982) (evidence defendant hit victim with blow sufficient to knock him over pool table and blow caused victim's sight to be permanently impaired sufficient to support finding of intent to do serious bodily harm); State v. Scheanette , 51,851 (La. App. 2nd Cir. 2/28/18), 246 So.3d 718, 723 (sufficient evidence supported conviction for second degree battery where victim testified that while driving, defendant punched her in face under eye, hard enough to split skin open, causing her to bleed profusely, required four or five stitches, and injury caused extreme physical pain, resulting in a permanent scar on victim's face); State v. Hager, 2013-546 (La. App. 5th Cir. 12/27/13), 131 So.3d 1090, 1093 (evidence defendant punched victim in the eye with sufficient force to fracture her right orbital bone, requiring surgical repair, sufficient to establish specific intent to inflict serious bodily injury); State in Interest of C.R., 2011-831 (La. App. 5th Cir. 5/8/12), 95 So.3d 1121, 1124 (evidence permitting inference of requisite specific intent to inflict serious bodily injury sufficient to support adjudication as delinquent; juvenile came up behind victim and choked him into unconsciousness); State v. Hamilton, 2009-1048 (La. App. 1st Cir. 12/23/09), 2009 WL 5647220 (unpublished) (evidence supported a finding of specific intent where the record *722 established defendant repeatedly struck the victim, causing laceration requiring at least four stitches over left eye, and a key-lime-sized hematoma behind left ear, and where victim testified that the pain caused by the injuries was severe and excruciating); State v. Johnson, 602 So.2d 310, 312 (La. App. 2nd Cir. 1992) (sufficient evidence of intention to inflict serious bodily injury where defendant's blow knocked victim to the ground and defendant struck victim "square in the head" with his closed fist on juvenile's "blindside."); State v. Accardo, 466 So.2d 549, 552 (La. App. 5th Cir.), writ denied, 468 So.2d 1204 (La. 1985) (evidence that defendant struck minor victim in head either with fist or blackjack sufficient to show juvenile possessed specific intent to cause serious bodily injury when he struck victim).
In the instant case, according to the testimony of M.J., T.C. approached him from behind and struck him twice in the head. T.C. was wearing a watch with a metal wristband that aggravated the injuries to M.J. Although M.J. claimed at the adjudication hearing that the injury did not hurt still, his mother testified that the wound in fact required nine stitches and left a lasting scar, which required the application of a medical ointment for a year.
In adjudicating T.C. delinquent, the juvenile court judge, as the trier of fact, clearly accepted the testimony of the State's witnesses and found that the essential elements of second degree battery were proven beyond a reasonable doubt. T.C. acknowledged striking M.J., although he claimed that he did not intend to strike M.J. with the watch. T.C. testified that he knew the watch was loose on his wrist, and offered the explanation that it "compressed with [M.J's] face or something." However, the juvenile court found the State proved that T.C. had the specific intent to cause M.J. a serious bodily injury by striking him with a watch. Moreover, the blows did cause M.J. obvious disfigurement. While the injury is on the "low end" of the scale of severity, this is also apparently reflected in the relatively light disposition T.C. received. Notwithstanding the semantics of the juvenile court's stated reasoning, it applied the specific intent standard when adjudicating T.C. delinquent. The juvenile court recognized the watch was not a deadly weapon per se when it found T.C. not guilty of aggravated battery. As evident from the juvenile court's comments, the watch was still viewed as the key instrumentality of damage coming from the punches, which resulted in a finding of second degree battery. Although the court said he "did not have the intent to cause that injury," the court went on to correctly note, "[y]ou don't have to intent [sic] that particular injury occur." The juvenile court then reasoned that while that specific serious injury was not intended, the fact that T.C. struck M.J. from behind with the watch on T.C.'s hand was proof of T.C.'s intent to inflict a serious injury.
Accordingly, after a thorough review of the record, and considering the evidence in a light most favorable to the State, I find the record supports the juvenile court's adjudication. After undertaking the mandated review of the law and facts in a juvenile proceeding, I am unable to conclude that the juvenile court's finding was manifestly erroneous or clearly wrong. Thus, I respectfully dissent and would affirm the juvenile court's adjudication of delinquency based on the commission of second degree battery.

We note that Judge Anthony J. Graphia presided over the adjudication hearing and Judge White presided over the disposition hearing.

Battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33.

Here, T.C. concedes the State established the first two points.