PER CURIAM.
11 Granted. The decision of the court of appeal is reversed to the extent that the court, in conducting error patent review of the record, vacated respondent’s habitual offender sentence on grounds that the record failed to reveal affirmatively that the trial court advised respondent of his privilege against self incrimination before accepting his stipulation to the allegations in the habitual offender bill. This Court has “declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the Boykin colloquy which must accompany a valid plea of guilty.” State v. Harris, 95-0900, p. 1 (La.5/19/95), 654 So.2d 680 (citing State v. Martin, 427 So.2d 1182, 1185, n. 7 (La.1983) (“With deference to courts which have adopted an approach to the admission of identity at a recidivist or habitual offender proceeding which is analogous to that which requires a ‘Boykin’ examination prior to a guilty plea, we simply decline to do so.”) (citations omitted)). We have | ¡.further clarified that even when required, a Boykin *385 colloquy accompanying a guilty plea to a criminal offense is not part of the record for purposes of error patent review, and that a defendant must therefore assign error in the appellate court to preserve review of any alleged defects that may have occurred during the plea proceedings. State v. Guzman, 99-1753, p. 6 (La.5/16/00), 769 So.2d 1158, 1162 (“We find that an error in the plea colloquy required by La.C.Cr.P. art. 556.1 is not an error ‘that is discoverable by a mere inspection of the pleadings and proceedings’ [for purposes of La.C.Cr.P. art. 920(2) ]. Thus, whether a trial court complied with La.C.Cr.P. art. 556.1 is not subject to error patent review but must be designated as an assignment of error on appeal.”); see also State v. Robinson, 06-1406, p. 1 (La.12/8/06), 943 So.2d 371, 372 (“In a case such as this one in which the defendant received a favorable plea bargain and in which the trial court fully conveyed to the defendant that he guilty pleas would fully resolve matters with the state and that no trial would follow, absent a defense assignment of error on the issue, the court’s failure to inform her expressly of the right to a trial by jury is not reviewable on appeal.”).
We therefore agree with the state that a habitual offender hearing should not be considered part of the record for purposes of error patent review and that a defendant must assign as error any perceived defect in the proceedings to preserve appellate review of the claimed error. Accordingly, respondent’s habitual offender adjudication and sentence are reinstated and, as reinstated, his sentence is affirmed.