SUSAN M. CHEHARDY, Chief Judge.
|2On appeal, Bryan Hager challenges the sufficiency of the evidence presented to support his conviction for second degree battery. For the following reasons, we affirm his conviction.

Procedural History

On May 17, 2011, the Jefferson Parish District Attorney filed a bill of information charging Bryan Hager, defendant herein, with second degree battery, in violation of La. R.S. 14:34.1. On November 27, 2012, defendant waived his right to trial by jury and proceeded to trial before the bench. After hearing the evidence, the judge found defendant guilty as charged.
On April 22, 2013, the trial judge sentenced defendant to three years at hard labor. On April 25, 2013, defendant filed his motion for appeal, which the trial judge granted. On April 29, 2013, the trial court denied defendant’s motion for reconsideration of sentence since an appeal had been granted.

Facts

At trial, Jennifer Oldendorf explained that she and defendant had a decades-long, tumultuous relationship. They first met in 1991 when they were in the | sseventh grade. The couple met up again in college then moved in together in 2001. They split briefly in 2006 because of their constant arguing but reconciled within months. In 2009, defendant moved to Louisiana and Ms. Oldendorf soon followed. In January or February of 2010, defendant and Ms. Oldendorf moved into an apartment together on East William David Parkway. Ms. Oldendorf explained that there was only one physical altercation between defendant and herself during their entire relationship, during which Ms. Oldendorf slapped defendant “across the face.”
At trial, Ms. Oldendorf reported that, on July 12, 2010, she and defendant argued “all day long” about his drug use. When defendant asked Ms. Oldendorf for money for drugs, she gave it to him. However, when defendant later asked to use her car, Ms. Oldendorf refused. As defendant attempted to exit one of the bedrooms of their apartment, Ms. Oldendorf stood in the doorway to stop him from leaving the apartment. As she put her hands up and pushed defendant’s chest, her hand slipped and she accidentally hit him in the face. In response, defendant, who is right-handed, punched Ms. Oldendorf in the right eye with his left fist.
Ms. Oldendorf immediately fled to the house of a neighbor, who alerted the police. At approximately 10:30 p.m. on July 12, 2010, Deputy Scott Nelson of the Jefferson Parish Sheriffs Office responded to the disturbance call at the couple’s apartment on East William David Parkway. Upon the deputy’s arrival, he encountered Jennifer Oldendorf, who was “very upset,” “obviously shaken,” and had a visible injury to her right eye. Ms. Oldendorf explained that she had been in a verbal altercation with her longtime boyfriend throughout the day that culminated in him striking her with his closed fist near her right eye. Several hours later, defendant, who had fled the apartment, was arrested by Deputy Nelson.
14Meanwhile, when Ms. Oldendorf sought medical treatment, the emergency room *1092 physician determined that she had sustained a fracture to the orbital bone of her right eye socket, which was causing impingement of a muscle in her eye. Later that week, Ms. Oldendorf underwent surgery to place a plate in her eye socket to repair the fracture and release the herniated muscle. At trial, medical doctors testified that Ms. Oldendorfs injury was consistent with her being punched in the cheek with substantial force.
After hearing the testimony and reviewing the documentary evidence, the trial judge found that defendant was guilty as charged of second degree battery of Jennifer Oldendorf. Here, defendant appeals his conviction.

Law and Argument

In his sole assignment of error, defendant argues that the evidence was insufficient to support the trial court’s verdict. Specifically, he contends that the State did not prove beyond a reasonable doubt that he acted with the intent to inflict serious bodily injury. Rather, defendant contends that he acted in self-defense.
The State responds that the requisite intent was established by defendant’s use of force and the victim’s resultant injuries. The State maintains that the evidence does not support a theory of self-defense.
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885.
Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Jones, 08-20 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id.
It is the role of the fact-finder to weigh the credibility of the witnesses, and a reviewing court will not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Reed, 11-507 (La.App. 5 Cir. 2/14/12), 88 So.3d 601, 607, writ denied, 12-0644 (La.9/14/12), 97 So.3d 1014. Indeed, a reviewing court errs by substituting its appreciation of the evidence and the credibility of witnesses for that of the fact-finder and overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the fact finder. See, State v. Calloway, 07-2306 (La.1/21/09), 1 So.3d 417, 418.
Here, defendant was charged with and convicted of second degree battery in violation of La. R.S. 14:34.1, which provides in pertinent part: “Second degree battery is a battery when the offender intentionally inflicts serious bodily injury.” “Serious bodily injury” is defined as “bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.” La. R.S. 14:34.1(B)(3).
Therefore, to convict a defendant of second degree battery, the State must prove the following elements beyond a rea *1093 sonable doubt: (1) the intentional use of Ififorce or violence upon the person of another; (2) without the consent of the victim; and (3) when the offender intentionally inflicts serious bodily injury. State v. Strickland, 11-715 (La.App. 5 Cir. 3/27/12), 91 So.3d 411, 415.
In the instant case, defendant only contends that the State failed to prove the element of intent. Specific intent is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1).
Specific intent need not be proven as a fact but may be inferred from the circumstances of the offense and conduct of the defendant. Strickland, supra at 416. The intent to inflict serious bodily injury may be inferred from the extent and severity of the victim’s injuries. Id. See also, State v. Fuller, 414 So.2d 306 (La.1982) (defendant’s act of punching the victim in the face, causing a cut lip, a bloody nose, and permanently-impaired vision, demonstrated that the defendant possessed the specific intent to inflict serious bodily injury).[1]
In State v. Accardo, 466 So.2d 549, 551-52 (La.App. 5 Cir.1985), writ denied, 468 So.2d 1204 (La.1985), a case that is factually similar to the instant case, this Court found that the male defendant possessed the specific intent to cause serious bodily injury when he struck the female victim in the head, causing her face to swell. Thus, considering the facts of the present case, where defendant, a male, punched a female in the eye with sufficient force to fracture her right orbital bone requiring surgical repair, we find that the State proved that appellant possessed the requisite specific intent to inflict serious bodily injury.
On appeal, defendant argues that he lacked specific intent because he acted in self-defense. Our review of the record clearly shows that appellant failed to raise any issue concerning a justification defense in the trial court and the trial |7court made no ruling on this issue. Accordingly, this issue is not before this Court on appeal. La.C.Cr.P. art. 841; U.R.C.A. 1-3. This assignment of error lacks merit.

Error Patent Discussion

Finally, appellant requested an error patent review, which this Court routinely performs pursuant to La.C.Cr.P. art. 920. Our review reveals no errors patent requiring correction in this case.

AFFIRMED.

. The Fuller court reasoned: “When a much stronger man hits a younger, smaller man, the fact finder could rationally conclude that the offender intended to cause, at a minimum, unconsciousness and/or extreme physical pain.” Fuller, 414 So.2d at 310.