PER CURIAM.
h Granted. The state seeks review of the trial court’s judgment precluding the use of one of defendant’s prior convictions in his habitual offender adjudication and sentencing. The trial court ruled the state failed to prove defendant entered a valid guilty plea in Multnomah County, Oregon, to delivering cocaine, a felony offense if committed in Louisiana, and could therefore establish him only a second, not third, felony offender. The trial court thereafter vacated defendant’s initial sentence on count three charging aggravated incest in a multiple count indictment, and resen-tenced him as a second offender to 30 years imprisonment at hard labor.
The court of appeal found the state did prove the existence of the Multnomah County guilty plea, and that defendant was represented by counsel. After recognizing the burden of showing a procedural irregularity then shifted to defendant under this Court’s decision in State v. Shelton, 621 So.2d 769, 779-80 (La.1993), however, the court of appeal found the defendant showed such an irregularity. Specifically, the court held the state’s exhibits failed to show defendant was advised of his trial rights, and that he waived them. See State v. Townsend, 04-0005, p. 1 (La.4/23/04), 874 So.2d 152, 153 (“We assume for | ¡¡present purposes that the court of appeal correctly found that the documentary evidence introduced by the state at the habitual offender hearing to carry its initial burden under [Shelton ] also carried the defendant’s burden to make an ‘affirmative showing’ of a procedural defect in his guilty plea in Texas because the documents omitted any mention of advice with respect to the privilege against self-incrimination.”). Key in the court’s decision was the absence of the trial judge’s signature on the waiver of rights form, suggesting the judge was not present at the time defendant was informed of his rights. The court further noted the absence of a transcript of plea proceedings and of a minute entry showing a guilty plea colloquy during which the defendant was informed of his rights. In the court of appeal’s view, “[a] guilty plea waiver of rights form, even if well-executed in every detail, without minutes or a transcript of the plea, is not sufficient to show a knowing and voluntary waiver of Boykin rights.” State v. E.J.M., III, 12-774 at 36 (La.App. 5 Cir. 5/23/13), 119 So.3d 648, 670 (citing State v. Pertuit, 98-1264, p. 3 (La.App. 5 Cir. 4/27/99), 734 So.2d 144, 146). Therefore, the court found no abuse in the trial court’s discretion in determining the state failed to present sufficient evidence to demonstrate defendant was properly advised of his constitutional rights and knowingly and voluntarily waived them before entering the Multnomah County guilty plea.
The lower courts erred. This Court made clear in State v. Balsano, 09-0735 (La.6/19/09), 11 So.3d 475, that for out-of-state guilty pleas, a defendant must show more than a technical violation of this Court’s three-right prophylactic Boykin rule meant to facilitate the taking of voluntary guilty pleas in Louisiana and demonstrate that the guilty plea did not reflect a knowing and voluntary waiver of trial. In so holding, Balsano returned the Court’s jurisprudence “to its original substantive aspect” regarding the validity of non-Loui *1162 siana guilty pleas for use in habitual offender proceedings. Id., 09-0735 at 13, 11 So.3d at 482; see State v. Holden, 375 So.2d 1372, 1374 (La.1979) (for non-Louisiana pleas used to enhance sentence, the defendant “has the affirmative burden of showing that he was in fact not advised, either by the court or through counsel, of the particular circumstances of his plea that were not touched upon in an otherwise sufficient colloquy.”) (emphasis added); State v. Bolton, 379 So.2d 722, 723 (La.1979) (as to non-Louisiana and federal pleas the defendant “has the burden of proving that the plea was involuntary or that (if taken subsequent to Boykin) he did not waive Boykin rights”).
In the present case, to prove the predicate offense from Multnomah County, the state introduced, inter alia, a waiver of rights form filled out and signed by both defendant and his counsel. In addition, the state included a judgment that specifically referred to defendant’s sentence, signed by the trial court judge on the same date as the waiver of rights form. Although defendant argues that the state failed to show his plea was constitutionally valid, he did not claim below he was not informed of his Boykin rights by the court or that he did not understand them. He asserted only that no proof exists in those respects. The waiver form defendant himself concedes he signed, however, enumerated the trial rights waived by a guilty plea (jury trial, confrontation, privilege against self-incrimination) and concluded with a certificate signed by counsel attesting that “[t]o the best of my knowledge and belief, the declarations made by defendant in the foregoing petition [that he understood the trial rights as enumerated] are true and accurate,” and that defendant’s decision to enter the plea was “made voluntarily, intelligently, and knowingly.” Defendant failed to produce any affirmative evidence that the contemporaneous statements of counsel on the waiver form did not reliably establish the knowing and voluntary of the guilty plea as a waiver of the enumerated trial rights both he and counsel acknowledged by signing the form. See State v. Halsell, 403 So.2d 688, 692 (La.1981) (a trial court may rely on the contemporaneous statements of counsel on a plea waiver form because “[a]ny other holding by this Court would tend to undermine the relationship of trust that must necessarily exist between the bench and bar.”); cf. State v. Kahey, 436 So.2d 475, 486 (La.1983) (declining to adopt a rule requiring trial judges to inform defendants personally of the right to trial by jury); State v. Phillips, 365 So.2d 1304, 1308-09 (La.1978) (declining to adopt a rule barring waiver of jury trial except by defendant personally); State v. Muller, 351 So.2d 143, 146-47 (La.1977) (declining to adopt a rule that judges must advise defendants personally of the right to trial by jury). The state thus demonstrated through that waiver of rights form, notwithstanding the lack of documentation the trial court conducted a colloquy with defendant regarding the rights he was waiving, that “the plea was nevertheless voluntary as a constitutional matter and therefore valid for purposes of enhancing the defendant’s sentence.” Balsano, 09-0735, p. 14, 11 So.3d at 483. Even had the trial court judge himself signed the waiver form, that is still not conclusive proof the court directly informed defendant of the rights he was waiving, merely that the trial court judge was present. Instead, the proper consideration for this out-of-state conviction is whether defendant knew and understood what he was waiving, not necessarily who informed him. Since defendant failed to meet his burden of proof, the trial court erred in finding defendant only a second felony habitual offender when the state presented sufficient evidence to establish him a third offender.
Consequently, defendant’s sentence is vacated and remanded to the trial court *1163 for resentencing consistent with defendant’s third felony habitual offender status.
WRIT GRANTED; SENTENCE VACATED; CASE REMANDED.