ELLEN SHIRER KOVACH, Judge Pro Tempore.
| ¡¿Defendant, Bryan Hager, appeals his adjudication and sentence as a third felony offender. For the reasons that follow, we affirm.

PROCEDURAL HISTORY

On May 17, 2011, the Jefferson Parish District Attorney filed a bill of information charging Bryan Hager, defendant herein, with second degree battery, in violation of La. R.S. 14:34.1. On November 27, 2012, defendant waived his right to trial by jury and proceeded to trial before the bench. After hearing the evidence, the judge found defendant guilty as charged. On April 22, 2013, the trial judge sentenced defendant to three years at hard labor. On April 25, 2013, defendant filed his motion for appeal, which the trial judge granted. State v. Hager, 13-546, p. 2 (La.App. 5 Cir. 12/27/13), 131 So.3d 1090, 1091. On appeal, defendant challenged the sufficiency of the evidence. This Court affirmed, finding | sthat the evidence was sufficient to support the conviction. Hager, 13-546 at 6-7,131 So.3d at 1093.
On June 25, 2013, the State filed a multiple bill alleging defendant to be a second felony offender,' and defendant denied those allegations. On September 12, 2013, the State dismissed that multiple bill and filed a superseding multiple bill alleging defendant to be a third felony offender. Defendant denied the allegations of the superseding multiple bill on November 4, 2013. On December 12, 2013, a multiple bill hearing was held, after which the trial judge found defendant to be a third felony offender. The trial judge then vacated the original sentence and resentenced defendant under the multiple bill statute to imprisonment at hard labor for four years without benefit of probation or suspension of sentence. On December 17, 2013, defendant filed a timely motion for appeal that was granted.

FACTS

The underlying facts were set forth in this Court’s previous opinion in State v. Hager, 13-546 at 2-4, 131 So.3d at 1091-92; however, they are not repeated herein because they are not relevant to the issues raised in this appeal.

ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that the trial judge erred in finding him to be a third felony offender. He contends that the evidence of the two prior convictions from Pennsylvania was insufficient, as the State only presented the trial court with Boykin[1] forms but no transcripts, minute entries, or links to the fingerprint cards. The State responds that the evidence was suffi *618 cient to prove the existence of the prior felony convictions and that defendant was the same person who was convicted of them. The State further responds that this satisfied its burden as to an out-of-state conviction, noting that defendant had not presented evidence that the |4guilty pleas did not represent a knowing and voluntary choice among available alternatives.
The State alleged in the multiple offender bill of information that defendant had twice before pled guilty: (1) on November 13, 2002, to a violation of 18-3502(a), a felony [burglary] under both Pennsylvania and Louisiana law, in case number CP-15CR-0003395-2002 of the Commonwealth of Pennsylvania Court of Common Pleas of Chester County; and (2) on December 21, 2007, to a violation of 18^4101(a)(l), a felony [forgery] under both Pennsylvania and Louisiana law, in case number CP-15-CR-0004774r-2007 of the Commonwealth of Pennsylvania Court of Common Pleas of Chester County. Defendant did not file a written response to the multiple bill.
At the multiple bill hearing, Nikki Pas-salaqua, an expert latent fingerprint examiner, testified that she took defendant’s fingerprints in court that day (State’s Exhibit 2) and compared them to a fingerprint card relating to an arrest for the underlying second degree battery charge (State’s Exhibit 3) and found that they matched. She also compared the fingerprints contained in State’s Exhibit 2 to a fingerprint card from the Coatesville Police Department in Pennsylvania (State’s Exhibit 4) and found that they matched as well. Next, Passalaqua compared the fingerprints contained in State’s Exhibit 2 to a fingerprint card from the Cain TWP Police Department in Pennsylvania (State’s Exhibit 5), and it was her opinion that they matched.
Following Passalaqua’s testimony, the State introduced into evidence the above exhibits, as well as State’s Exhibits 6 and 7. State’s Exhibit 6 contained a bill of information and a form entitled “Guilty Plea Colloquy” which was dated December 21, 2007, and pertained to a forgery conviction from Pennsylvania. State’s Exhibit 7 contained a bill of information and a form entitled “Guilty Plea 15Colloquy” which was dated December 13, 2002, and pertained to a burglary conviction from Pennsylvania.
The State then argued that it had proven that defendant had two prior felony convictions and, therefore, he should be adjudicated as a third felony offender. Defense counsel responded that State’s Exhibit 5 had a case number on the back that corresponded with one of defendant’s alleged prior convictions but that State’s Exhibit 4 did not contain a case number. He argued that the State had attempted to create a correlation between the fingerprints on State’s Exhibit 4 and the conviction [State’s Exhibit 7] through an “O.T.N.” number but that there had been no testimony as to what an “O.T.N.” number was in Pennsylvania and whether it was unique to a case. As such, defense counsel contended that the State had not established beyond a reasonable doubt that the fingerprints on State’s Exhibit 4 linked defendant to the conviction.
The trial judge responded that State’s Exhibit 4 contained a date of offense of June 30, 2002, and an “O.T.N.” number that matched the conviction. Defense counsel noted that those fingerprints might be associated with, a misdemeanor conviction and not a felony conviction which was required for this proceeding. Defense counsel further argued that the State had not established under Shelton[2] *619 that defendant knowingly, freely, and voluntarily waived his rights because the State only produced a Boykin form when it needed to produce two of three in any combination of a minute entry, a transcript, or a Boykin form.
The State replied that State’s Exhibits 4 and 5 corresponded with State’s Exhibits 7 and 6, respectively, by the offenses, the dates of the offenses, and the “O.T.N.” numbers. The State further replied that based on Balsano,[3] all that was required for the initial burden was that the State prove the existence of the prior Rguilty pleas and that defendant was represented by counsel when the pleas were taken, which it had done. It argued that defendant had not produced affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.
After hearing arguments of counsel, the trial judge found defendant to be a third felony offender. He explained that he reviewed the Boykin forms wherein defendant indicated he was represented by counsel and that he committed the crimes to which he was pleading guilty. The trial judge noted that the Pennsylvania Boykin forms were more detailed than those in Louisiana and that they showed defendant was advised of his rights and initialed them. He also stated that he found that defendant was aware of all of his rights at the time he entered the pleas. Additionally, the trial judge indicated that the names and dates of the offenses linked the fingerprint cards to the Boykin forms, and that he did not consider the “O.T.N.” numbers in reaching his decision.
To prove a defendant is a habitual offender, the State must initially prove the prior felony convictions and that the defendant is the same person who was convicted of the prior felonies. State v. Shelton, 621 So.2d 769, 779-80 (La.1993); State v. Thomas, 06-654, p. 7 (La.App. 5 Cir. 1/16/07), 951 So.2d 372, 378, writ denied, 07-464 (La.11/21/07), 967 So.2d 1153. The State must also prove that the prior convictions fall within the ten-year cleansing period prescribed by La. R.S. 15:529.1(C).[4] State v. Guillard, 04-899, p. 13 (La.App. 5 Cir. 4/26/05), 902 So.2d 1061, 1072, writ denied, 05-1381 (La.1/13/06), 920 So.2d 233.
When the State relies on a prior conviction that is based on a guilty plea to prove the defendant’s habitual offender status and the defendant denies the habitual offender bill, the State’s burden of proof is governed by Shelton, supra. Under]¡¡Shelton, it is initially the State’s burden to prove: 1) the existence of the prior guilty pleas and 2) that the defendant was represented by counsel when the pleas were taken. If the State satisfies that burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant makes such showing, the burden of proving the constitutionality of the plea shifts to the State. This burden is met if the State produces a “perfect” transcript of the guilty plea, i.e., one which reflects a colloquy in which the judge informed the defendant of, and the defendant waived, his right to trial by jury, his privilege against self-incrimination, and his right of confrontation. Shelton, 621 So.2d at 779-80.
*620 If the State introduces anything less than a “perfect” transcript, such as a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge must weigh the evidence submitted by each party to determine whether the State has met its burden of proving the prior guilty plea was “informed and voluntary, and made with an articulated waiver of the three Boykin rights.” Shelton, 621 So.2d at 780.
The State is not required to use a specific type of evidence in order to carry its burden of proof under the Habitual Offender Law, La. R.S. 15:529.1. State v. Payton, 00-2899, p. 2 (La.3/15/02), 810 So.2d 1127; State v. Jones, 08-466, p. 7 (La.App. 5 Cir. 10/28/08), 998 So.2d 178, 183. Rather, any competent evidence may be used to prove a defendant’s prior convictions. Jones, 08-466 at 7, 998 So.2d at 183. This Court has held that testimony comparing a defendant’s current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant is the person convicted of a prior felony. State v. Bell, 97-1134, p. 12 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 926, writ denied, 98-792 (La.9/16/98), 721 So.2d 477. This Court has also found sufficient linkage to a | ¡¡defendant where the State connects the fingerprint card to the arrest register and/or the bill of information by matching police item numbers, Bureau of Identification numbers, social security numbers, addresses, employers, or docket numbers. State v. Muhammad, 03-419, p. 6 (La.App. 5 Cir. 6/29/04), 880 So.2d 29, 33, writ denied, 04-2082 (La.1/7/05), 891 So.2d 669.
On appeal, defendant contends that the evidence of the two prior convictions from Pennsylvania was insufficient, as the State failed to properly link both fingerprint cards to the two prior convictions. However, at the multiple bill hearing, defendant indicated that the State properly linked the fingerprint card pertaining to the forgery conviction (State’s Exhibit 5) to the prior felony conviction (State’s Exhibit 6), but that it did not properly link the fingerprint card pertaining to the burglary conviction (State’s Exhibit 4) to the prior felony conviction (State’s Exhibit 7).
Defendant did not file a written response challenging the validity of the prior guilty pleas as provided by La. R.S. 15:529.1(D)(b). Further, he did not make any objections to the validity of the prior forgery conviction at the habitual offender hearing. Therefore, we find that defendant has not preserved that issue for review and is precluded from presenting it to this Court on appeal. See State v. Stevenson, 03-1146, p. 3 (La.App. 5 Cir. 2/10/04), 868 So.2d 811, 812, writs denied, 04-721 (La.9/24/04), 882 So.2d 1166 and 04-863 (La.10/1/04), 883 So.2d 1004. Nevertheless, even if this issue had been preserved for review, we find that both fingerprint cards were properly linked to the prior convictions.
The record shows that the State proved the existence of the two prior guilty pleas and that defendant was represented by counsel when the pleas were taken. State’s Exhibit 6 indicates that defendant pled guilty to forgery in Pennsylvania on December 21, 2007, and that he was represented by counsel when that plea was |9taken. State’s Exhibit 7 indicates that defendant pled guilty to burglary in Pennsylvania on December 13, 2002, and that he was represented by counsel when that plea was taken. Both guilty plea colloquy forms show that defendant was advised of his Boykin rights and that he waived them, and both forms were signed by defendant and his attorney. Further, the record reflects that the trial judge signed the last pages of the Boykin forms entitled “Court Action.”
*621 The record also shows that the State proved defendant was the same person who was convicted of the prior felonies. With respect to the forgery conviction, defendant’s fingerprints taken by the fingerprint expert (State’s Exhibit 2) link him to the fingerprints contained on the fingerprint card pertaining to the November 14, 2007 forgery arrest (State’s Exhibit 5). State’s Exhibit 5, in turn, links defendant to the Pennsylvania forgery conviction (State’s Exhibit 6), in that they both contain the same name (Bryan Hager), case number (47742007), offense (forgery), and statute (4101). Also, the date of arrest on the fingerprint card matches the starting date for credit for time served on the Boykin form (November 14, 2007), thereby indicating that the dates of arrest were the same. Although the age listed on the fingerprint card (Bl) differs slightly from the age listed on the Boykin form (29), that discrepancy is minor. (Compare State v. Pollard, 12-346, p. 13 (La.App. 5 Cir. 12/18/12), 106 So.3d 1194, 1202, writ denied, 13-140 (La.6/21/13), 118 So.3d 408, where this Court found that despite minor differences between two exhibits in height, hair color, and the spelling of the defendant’s name, the evidence sufficiently linked the defendant to the predicate conviction).
With respect to the burglary conviction, defendant’s fingerprints taken by the fingerprint expert (State’s Exhibit 2) link him to the fingerprints contained on the fingerprint card pertaining to the Pennsylvania burglary conviction (State’s Exhibit 4). State’s Exhibit 4, in turn, links defendant to the Pennsylvania burglary [ inconviction (State’s Exhibit 7), in that they both contain the same name (Bryan Grady Hager), date of offense (June 30, 2002), offense (burglary), and “O.T.N.” number (H565022-3). Also, defendant lists his age on the Boykin form as 24 years old, which matches the age listed on the fingerprint card. The date of birth listed on the fingerprint card, January 3, 1978, confirms that defendant was 24 years old at the time of the offense on June 30, 2002.[5]
We find that this evidence satisfied the State’s initial burden under Shelton, since the evidence showed the existence of the predicate guilty pleas and that defendant was represented by counsel. The burden then shifted to defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. To that end, defendant argued at the multiple bill hearing that evidence of the two prior convictions from Pennsylvania was insufficient, as the State only presented the trial court with Boykin forms but no transcripts or minute entries. However, the jurisprudence indicates that for out-of-state convictions, the State is not required to produce a minute entry or a transcript in addition to a Boy-kin form.
In State v. Morgan, 13-1495 (La.2/28/14), 134 So.3d 1160 (per curiam), the Louisiana Supreme Court found that the State could use a prior non-Louisiana guilty plea for enhancement purposes even though the State introduced a waiver of rights form that did not contain the judge’s signature, and there was no transcript of the plea proceedings or a minute entry showing a guilty plea colloquy during which the defendant was informed of his rights. The supreme court noted that the defendant and his attorney signed the *622 waiver of rights form which enumerated the trial rights waived by a guilty plea. The supreme court further noted that the defendant did not claim below that he was not informed of his I,,Boykin rights by the court or that he did not understand them, only that no proof existed in those respects. Citing State v. Balsano, 09-735 (La.6/19/09), 11 So.3d 475, the supreme court stated that the defendant “failed to produce any affirmative evidence that the contemporaneous statements of counsel on the waiver form did not reliably establish the knowing and voluntary [sic] of the guilty plea as a waiver of the enumerated trial rights both he and counsel acknowledged by signing the form.” Morgan, 13-1495 at 1-4,134 So.3d at 1161-62.
In Balsano, supra, the Louisiana Supreme Court found that out-of-state guilty pleas used for enhancement purposes were voluntary even though the trial court failed to advise the defendant of his right against self-incrimination. The supreme court reasoned that the extensive colloquy conducted by the out-of-state judge fully discharged the State’s burden. In reaching its decision, the Louisiana Supreme Court found that “for all non-Louisiana guilty pleas used to enhance sentence following a subsequent conviction, a defendant does not satisfy his burden of proof on collateral attack merely by presenting contemporaneous records revealing a violation of Jackson’s three-right rule; rather, he must show, as he must now show under Harris[6] in a collateral attack mounted in post-conviction proceedings initiated to set aside the prior conviction and sentence, that his guilty plea was not voluntary as a constitutional matter, i.e., that it did not represent a knowing and voluntary choice among available alternatives.” [7] Balsano, 09-735 at 13-14,11 So.3d at 482.
Based on Balsano, supra, and Morgan, supra, we find that the trial judge did not err by finding defendant to be a third felony offender even though the State 112only produced Boykin forms for the pri- or convictions and not transcripts or minute entries. The Boykin forms, which were signed by both defendant and his counsel, show that defendant was thoroughly advised of his rights and waived them. Because defendant did not meet his burden of producing affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea, the burden of proving the constitutionality of the plea did not shift back to the State. Additionally, we find that because defendant did not present evidence that his guilty pleas were not voluntary as a constitutional matter, ie., that they did not represent knowing and voluntary choices among available alternatives, the trial judge did not err by finding defendant to be a third felony offender. See Boykin, supra; Morgan, supra.
This assignment is without merit.

ERROR PATENT DISCUSSION

Defendant requests an error patent review. However, in State v. Moore, 12-102 (La.5/25/12), 90 So.3d 384 (per curiam), the Louisiana Supreme Court found that a habitual offender hearing should not be considered part of the record for purposes of error patent review, and that a defendant must assign as error any perceived defect in the proceedings to preserve appellate review of the claimed error. Therefore, in light of Moore, supra, we have not conducted an error patent review of the habitual offender hearing.
*623 Nevertheless, to ensure an accurate record, we remand this case to the district court and order that the State of Louisiana Uniform Commitment Order be corrected to reflect the correct date of the offense, July 12, 2010. We also direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal | ^Department. See State v. Long, 12-184, pp. 10-11 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La.C.Cr.P. art. 892(B)(2)).

DECREE

For the foregoing reasons, the multiple offender adjudication and sentence are affirmed.

MULTIPLE OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. State v. Shelton, 621 So.2d 769, 779-80 (La.1993).

. State v. Balsano, 09-735 (La.6/19/09), 11 So.3d 475.

. It is noted that defendant does not contend that the prior convictions did not fall within the ten-year cleansing period, and therefore, that issue is not addressed herein.

. It is noted that the date of birth on State’s Exhibit 4 (January 3, 1978) differs slightly from the dates of birth on State’s Exhibits 3 and 5 (January 10, 1978). It is also noted that the social security number on State’s Exhibit 4 differs slightly from the social security numbers on State’s Exhibits 4 and 5. However, it is reiterated that the fingerprint expert testified that defendant's fingerprints were contained on State’s Exhibit 3, 4, and 5.

. State v. Harris, 97-1352 (La. 10/31/97), 702 So.2d 678, writ denied, 98-1949 (La. 12/11/98),

. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).