Applying For Writ of Certiorari and/or Review, Parish of Jefferson, 24th Judicial District Court Div. P, No. 07-6289; to the Court of Appeal, Fifth Circuit, No. 14-KA-790; Lee V. Faulkner, Judge.
| (Writ granted. The court of appeal erred in reversing the habitual offender adjudication on the basis of the trial court’s failure to advise defendant of his privilege against self-incrimination when he pleaded guilty to a predicate felony. Although defendant carried his burden of producing affirmative evidence showing a procedural irregularity in the taking of the plea, see generally, State v. Shelton, 621 So.2d 769, 779 (La.1993), the trial court did not err in weighing the evidence submitted by the defendant and by the State to determine that the State met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with ah articulated waiver of the three Boykin rights. That evidence included a waiver of rights form showing that defendant was advised of his privilege against self-incrimination and. waived it, which is evidenced by his initials next to that privilege and his signature on that form, along with the signatures of his attorney and the trial judge. The court of appeal’s determination that this waiver form was insufficient because “the trial judge did not refer to the waiver of rights form at any time during the plea colloquy”, State v. Ellison, 14-0790, p. 11 (La.2/25/15), 168 So.3d 862, 869, is unsupported by the jurisprudence. See generally State v. Morgan, 13-1495 (La.2/28/14), 134 So.3d 1160. Therefore, |2the court of appeal’s ruling is reversed to the extent it vacated the habitual offender adjudication and the habitual offender adjudication is reinstated. However, because the State is correct in its assertion that defendant’s habitual offender sentence is illegally lenient, see La. R.S. 40:966(B)(1) (as amended by 2004 La. Acts. 345) (“shall be sentenced to imprisonment for not less than five nor more than fifty years at hard labor at least five years of which shall be served without benefit of probation, or' suspension of sentence, and may, in addition, be required to pay a fine of not more than fifty thousand dollars”); La. R.S. 15:529.1(A)(l)(c)(i) (as amended by 2005 La. Acts. 218) (“not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life”), the matter is remanded to the District Court for resen-tencing.
HUGHES, J„ would deny.