ROBERT A. CHAISSON, Judge.
| aDefendant, Vernon Woods, appeals his conviction and enhanced sentence for distribution of cocaine. For the reasons that follow, we affirm defendant’s conviction and sentence and remand the matter for correction of errors patent as noted herein. In addition, we grant appellate counsel’s motion to withdraw as attorney of record for defendant. .

PROCEDURAL HISTORY

On November 27, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with distribution of cocaine within two thousand feet of a playground, in violation of La. R.S. 40:981.3. At his arraignment on the following day, defendant pled not guilty. On February 19, 2013, the State amended the bill of information deleting the playground element and charging defendant with distribution of cocaine, in violation of La. R.S. 40:967(A). On the |3same date, defendant withdrew his-plea of not guilty and, after being advised of his Boykin[1] rights, pled guilty to the amended charge of distribution of cocaine: In accordance with the plea agreement, the trial court sentenced defendant to fifteen years imprisonment at hard labor, with the first two' years of the sentence to be served without benefit of parole, .probation, or. suspension of sentence. Immediately following sentencing, the State filed a multiple offender bill of information alleging defendant, to be a second felony offender. Defendant stipulated to the multiple offender bill after, -being advised of his rights. The trial court then vacated defendant’s original sentence and, pursuant to the plea agreement, sentenced defendant, as a second felony offender, to fifteen years imprisonment at hard labor. The trial court further ordered that the first two years of defendant’s fifteen-year sentence be served without benefit of parole, probation, or suspension of sentence and that the entirety of the enhanced sentence be served without benefit of probation or suspension of sentence.
On January 5, 2015, defendant filed an application for post-conviction relief alleging that the Boykin colloquy was inadequate' and that he was denied effective assistance of: counsel. On January 13, 2015, the trial court considered defendant’s application for post-conviction relief, construed it as a motion for -an out-of-time appeal, and granted it.

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110- *674 11,[2] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record for defendant.
When an Anders brief has been filed, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. He reviewed the procedural history of the case and thereafter addressed any potential issues, including those raised by defendant in his application for post-conviction relief. With regard to defendant’s claim that the Boykin colloquy was inadequate, appellate counsel notes that defendant was fully informed by the trial court of the charge to which he was pleading, the statutory range of the penalty for his offense, and his constitutional rights, including his right to a trial by jury, his privilege against self-incrimination, and his right to confront witnesses. Appellate counsel additionally asserts that defendant stated he understood his rights, that he was satisfied with his attorney and the trial court’s handling of his case, and that he was not forced, coerced, or threatened into entering his guilty plea. Also, appellate counsel maintains that during the multiple offender proceedings, defendant was properly advised of his rights and thereafter waived those rights prior to admitting to the allegations in the multiple bill.
In his brief, appellate counsel also addresses defendant’s claim of ineffective assistance of counsel. He maintains that issues relating to ineffective assistance of counsel are best raised in an application for post-conviction relief that can be 1 ¿addressed in the trial court after a hearing on the allegations. After addressing these potential issues raised by defendant and finding them to be without merit, appellate counsel sets forth that he diligently reviewed the record and has found no non-frivolous issues to raise on appeal. He thereafter requests that this Court conduct a review of the record for errors patent.
Along with his brief, appellate counsel has filed a motion to withdraw as counsel for defendant, which states that after a conscientious and thorough review of the trial court record, he can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports an appeal. Further, in his Anders brief, appellate counsel maintains that he has advised defendant, by letter, of his right to file a pro se brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed on his behalf and that he had until June 18, 2015, to file a pro se supplemental.brief. As of this date, defendant has not filed a .supplemental brief.
This Court has performed an independent review of the appellate record, includ *675 ing the pleadings, minute entries, bill of information, and transcripts. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. ⅝
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. See generally La. C.Cr.P. arts. 464-466.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea and sentencing on the distribution of cocaine charge, and his admission and sentencing on the multiple offender bill of information. Further, no rulings were | (^preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
In addition, our review of the record reveals no irregularities in the guilty plea proceedings on either the amended or multiple offender bills of information. The record shows that defendant was aware he was pleading guilty to one count of distribution of cocaine, in violation of La. R.S. 40:967(A). Defendant was also properly advised of his Boykin rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant made an affirmative notation next to each of these rights and placed his signature at the end of the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving ■ these rights.
Defendant was also informed that his guilty plea could be used to enhance a penalty for any future conviction.- Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that he had not been forced, coerced, or intimidated into entering his guilty plea. Further, defendant was informed during the colloquy and by means of the waiver of rights form of the sentencing range for the offense as well as the actual penalty that would be imposed upon acceptance of his guilty plea. After his colloquy with defendant, the trial judge accepted defendant’s guilty plea as knowingly, intelligently, freely, and voluntarily made. ,
With respect to- the multiple offender proceeding, the record shows that defendant was likewise adequately advised of his rights. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant was advised of his right to a hearing at which the State 17would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender as well as the actual sentence that would be imposed. Defendant indicated that he was satisfied with the way his attorney and the court had handled his case and that he had not been forced, coerced, or threatened into pleading guilty. Defendant further • indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty. His stipulation was accepted by the judge as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant’s enhanced sentence, we note that it was imposed in accordance .with the plea agreement. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant, from. seeking review of his sentence imposed in conformity-with a plea agree *676 ment, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46. In addition, defendant’s enhanced sentence falls within the sentencing ranges prescribed by statute. See La. R.S. 40:967(B)(4)(b) and 15:529.1(A)(1).[3]
Based on the foregoing, we find that defendant’s guilty plea to distribution of cocaine, his multiple offender stipulation, and the enhancéd sentence imposed pursuant to the plea agreement do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a 18non-frivo-lous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as counsel of record for defendant.

ERRORS PATENT REVIEW

We have also reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals two errors in the State of Louisiana Uniform Commitment Order which require correction. First, the uniform commitment order reflects the date of the offense as August 25, 2012; however, the record reflects that the offense was committed on December 13, 2011. Second, the uniform commitment order does not reflect the restriction of benefits on defendant’s enhanced sentence imposed by the trial court. In particular, the. uniform commitment fails to reflect that the first two years of defendant’s enhanced fifteen-year sentence were imposed without benefit of'parole, probation, or suspension, or that thé entirety of the sentence was imposed without benefit of probation or suspension of sentence.
This Court has previously remanded a case for correction of the uniform commitment order in its errors patent review. State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-0481 (La.11/7/14), 152 So.3d 170. Therefore, to ensure accuracy in the record, we direct the trial court to make the appropriate entries reflecting these changes and direct the Clerk of Court for the 24th Judicial District Court to transmit the .original of the corrected. uniform commitment. order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department. La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-244 (La.9/15/06), 937 So.2d 846; State v. Lyons, 134 So.3d at 41.
| ¡Accordingly, for the reasons set forth herein, defendant’s conviction and sentence are affirmed. This case is remanded for correction of the uniform commitment order as noted herein. Additionally, appellate counsel’s motion to withdraw as counsel of record for defendant is granted.

CONVICTION AND SENTENCE AFFIRMED: REMANDED WITH IN-
*677
STB UCTIONS: MOTION TO WITHDRAW GRANTED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La.4/28/95), 653 So.2d 1176, 1177 (percuriam).

. At the time the offense was committed, a conviction under La. R.S. 40:967(A) carried a term of imprisonment at hard labor for "not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence.”
The term of imprisonment for a feecond felony offender "shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” See La. R.S. 15:529.1(A)(1). Thus, as a second felony offender, defendant was subject to a sentencing range of fifteen to sixty years of imprisonment.