STATE OF LOUISIANA

VERSUS

DARRYL V. WADE

NO. 22-KA-260

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-1192, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

February 27, 2023

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Hans J. Liljeberg

**AFFIRMED; REMANDED WITH INSTRUCTIONS**
    **HJL**
    **FHW**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
      Honorable Paul D. Connick, Jr.
      Thomas J. Butler
      Monique D. Nolan
      Lindsay L. Truhe
      Tucker H. Wimberly

COUNSEL FOR DEFENDANT/APPELLANT,
DARRYL V. WADE
      Bertha M. Hillman

**LILJEBERG, J.**

In this appeal, defendant challenges his adjudication and sentence as a fourth felony offender. For the following reasons, we affirm. We also remand for correction of errors patent.

**STATEMENT OF THE CASE**

On April 22, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant, Darryl V. Wade, with one count of aggravated crime against nature in violation of La. R.S. 14:89.1(A)(1)(f) (count one) and one count of aggravated crime against nature in violation of La. R.S. 14:89.1(A)(2) (count two). On March 17-19, 2021, the case was tried before a twelve-person jury that unanimously found defendant guilty as charged on both counts.

On June 24, 2021, the trial court sentenced defendant to 15 years of imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on count one and to 20 years of imprisonment at hard labor on count two. The court ordered those sentences to run concurrently with each other and with any other sentence defendant was serving. Immediately thereafter, the State filed a multiple offender bill of information, alleging that defendant was a fourth felony offender as to count one. Defendant denied the allegations of the multiple bill.

A hearing on the multiple offender bill was held on September 30, 2021, after which the trial court found that the State presented sufficient evidence to prove that defendant was a fourth felony offender. On November 8, 2021, the trial court vacated defendant's original sentence on count one and resentenced him as a multiple offender to 35 years of imprisonment without the benefit of probation or suspension of sentence. The court ordered that the enhanced sentence run concurrently with his sentence on count two and with any other sentence he may be serving. Defendant appeals.

22-KA-260                                                    1

## LAW AND DISCUSSION

In his sole assignment of error, defendant contends that the trial court erred in finding him to be a fourth felony offender. He argues that the State failed to provide sufficient proof of identity as to one of the alleged predicate offenses, unauthorized use of a motor vehicle in case number 527-508 from Orleans Parish. He notes that the State's expert was unable to compare his fingerprints taken in court on the day of the multiple bill hearing with the fingerprints in the certified conviction packet for case number 527-508. Therefore, he asserts that he should only be sentenced as a third felony offender.

In the multiple offender bill of information, the State alleged that on October 21, 2016, defendant pleaded guilty to theft of a motor vehicle in case number 528-401 in Orleans Parish. It further alleged that on December 23, 2015, defendant pleaded guilty to purse snatching in case number 527-507 in Orleans Parish and to unauthorized use of a motor vehicle in case number 527-508 in Orleans Parish.

At the September 30, 2021 multiple offender bill hearing, the State introduced into evidence several exhibits, including State's Exhibit 1, a certified penitentiary packet ("pen-pack") containing defendant's records from the Louisiana Department of Public Safety and Corrections, which included information from all three prior convictions alleged in the multiple offender bill; State's Exhibit 2, a certified copy of a conviction packet for defendant's plea to unauthorized use of a motor vehicle in case number 527-508 in Orleans Parish; State's Exhibit 3, a certified copy of a conviction packet for defendant's plea to purse snatching in case number 527-507 in Orleans Parish; State's Exhibit 4, a certified copy of a conviction packet for defendant's plea to theft of a motor vehicle in case number 528-401 in Orleans Parish; and State's Exhibit 5, the AFIS card for defendant's arrest on October 16, 2015. Defendant did not object to the admission of any exhibits.

At the multiple bill hearing, Deputy Donna Quintanilla of the Jefferson Parish Sheriff's Office Crime Laboratory was accepted as an expert in the field of latent fingerprint processing and comparison. She testified that she obtained fingerprints from defendant that day on a ten-print card. Deputy Quintanilla testified that she compared defendant's fingerprints taken that day with the fingerprints in the certified conviction packets for case numbers 527-507 and 528-401 in Orleans Parish, State's Exhibits 3 and 4, and she found that they were made by the same person. She testified that she also compared a fingerprint card from the certified pen-pack, State's Exhibit 1, with the ten-print card she obtained that day from defendant, and she found that the fingerprints were made by the same person.

Deputy Quintanilla also identified State's Exhibit 5 as an AFIS ten-print card with the date of arrest listed as October 16, 2015. She testified that she compared the fingerprints from State's Exhibit 5 with the fingerprints taken from defendant that day and confirmed the fingerprints were made by the same person. However, Deputy Quintanilla testified that she was unable to compare the fingerprints taken that day with the fingerprints from the certified conviction packet for case number 527-508, State's Exhibit 2, unauthorized use of a motor vehicle, "due to the prints not being suitable for comparison."

Defendant does not contest Deputy Quintanilla's findings as to case numbers 527-507 and 528-401, and he does not deny his prior convictions for purse snatching and theft of a motor vehicle. On appeal, he only challenges the sufficiency of the evidence of identity as to the conviction for unauthorized use of a motor vehicle in case number 527-508 in Orleans Parish.

To prove that a defendant is a habitual offender, the State must establish by competent evidence the defendant's prior felony convictions and that defendant is the same person who was convicted of the prior felonies. *State v. Celestine*, 20-

170 (La. App. 5 Cir. 11/4/20), 306 So.3d 579, 587. Additionally, the State bears the burden of proving that the predicate convictions fall within the "cleansing period" prescribed by La. R.S. 15:529.1(C). *State v. Stock*, 16-552 (La. App. 5 Cir. 2/22/17), 212 So.3d 1268, 1280.[1]

Once the State establishes a prior felony conviction, then it must offer proof that the accused is the same person who was convicted of the prior felony. *State v. Castillo*, 13-552 (La. App. 5 Cir. 10/29/14), 167 So.3d 624, 647, *writs denied*, 14-587 (La. 11/7/14), 152 So.3d 172, and 14-2567 (La. 9/18/15), 178 So.3d 145. The defendant's identity may be shown by a variety of methods, including the testimony of witnesses, fingerprint analysis by an expert, photographs in a duly authenticated record, or evidence of identical driver's license number, sex, race, and date of birth. *State v. Flores*, 14-642 (La. App. 5 Cir. 12/23/14), 167 So.3d 801, 811. The State is not required to use a specific type of evidence. *Id.*

This Court has held that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant is the person convicted of a prior felony. *State v. Hager*, 14-99 (La. App. 5 Cir. 7/30/14), 148 So.3d 615, 620. This Court has also found sufficient linkage to a defendant where the State connected a fingerprint card to the arrest register and/or the bill of information by matching "police item numbers, Bureau of Identification numbers, social security numbers, addresses, employers, or docket numbers." *State v. Pollard*, 12-346 (La. App. 5 Cir. 12/18/12), 106 So.3d 1194, 1202, *writ denied*, 13-140 (La. 6/21/13), 118 So.3d 408. *See also State v. Ayche*, 07-753 (La. App. 5 Cir. 3/11/08), 978 So.2d 1143, *writs denied*, 08-2291 (La. 1/30/09), 999 So.2d 752, and 08-1115 (La. 2/13/09), 999 So.2d 1140.

---

[1] Defendant does not allege any deficiency in proof that the alleged conviction at issue falls within the applicable "cleansing period."

In the present case, although Deputy Quintanilla could not compare the fingerprints from State's Exhibit 2 with defendant's fingerprints taken the day of the multiple bill hearing, her testimony and the other exhibits were sufficient to prove that defendant was the same person convicted of unauthorized use of a motor vehicle in case number 527-508 in Orleans Parish.

The pen-pack, State's Exhibit 1, includes a certification by the custodian of records for the Louisiana Department of Public Safety and Corrections that the attached documents were true copies of the records of that department regarding Darryl V. Wade, DOC 708891. Deputy Quintanilla testified that she compared a fingerprint card from the pen-pack with defendant's fingerprints taken that day and found them to be from the same person.

With respect to case number 527-508, the pen-pack contains the bill of information charging Darryl V. Wade with unauthorized use of a motor vehicle between October 1 and 16, 2015, which is the same bill of information in the certified conviction packet for case number 527-508, State's Exhibit 2. The pen-pack also includes a docket master and minute entries showing that defendant was arrested on October 16, 2015, and pleaded guilty to unauthorized use of a motor vehicle and was sentenced on December 23, 2015. The minute entry in the certified conviction packet for case number 527-508 also indicates the date of defendant's plea and sentencing for unauthorized use of a motor vehicle was December 23, 2015. State's Exhibit 2 also contains a waiver of constitutional rights/plea of guilty form for the crime of unauthorized use of a motor vehicle in case number 527-508, State v. Darryl Wade, dated December 23, 2015.

State's Exhibit 5 is a print card from the AFIS database for "Darryl V Wade" with an arrest date of October 16, 2015, which the pen pack indicates was the same date of arrest for case number 527-508. Deputy Quintanilla found a match between defendant's fingerprints taken the day of the multiple bill hearing

and the fingerprints in State's Exhibit 5. The print card in State's Exhibit 5 also reflects that defendant is a black male born on October 21, 1984, which is the same information shown in the pen-pack.

The documents contained in the pen-pack, in combination with the AFIS print card associated with defendant's arrest on October 16, 2015, and information in the certified conviction packet for case number 527-508, were sufficient to prove that defendant was the same person convicted of unauthorized use of a motor vehicle. Further, the record shows that defendant admitted at trial to having been previously convicted of unauthorized use of a motor vehicle, theft of a motor vehicle, and purse snatching.

In consideration of the foregoing, we find that the evidence was sufficient to prove defendant's identity as the person who was convicted of unauthorized use of a motor vehicle in case number 527-508. Accordingly, we find no error in the trial court's adjudication of defendant as a fourth felony offender.

**ERRORS PATENT**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). The following errors require corrective action.

First, the transcript reflects that defendant was sentenced as a fourth felony offender on count one—aggravated crime against nature in violation of La. R.S. 14:89.1(A)(1)(f)—to an enhanced sentence of 35 years of imprisonment at hard labor without the benefit of probation or suspension of sentence. However, the transcript does not reflect that the trial court ordered the enhanced sentence to be served without the benefit of parole as required by La. R.S. 14:89.1 and La. R.S. 15:529.1.[2] Also, the multiple offender sentencing minute entry and the State of

---

[2] The restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1 are "those called for in the reference statute." *State v. Esteen*, 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, *writ denied*, 02-1540 (La. 12/13/02), 831 So.2d 983.

Louisiana Uniform Commitment Order ("UCO") do not indicate that the enhanced sentence is to be served without the benefit of parole.

Under *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, 799 and La. R.S. 15:301.1, the restrictions are self-activating. *State v. Williams*, 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075-76, *writ denied*, 13-109 (La. 6/21/13), 118 So.3d 406. However, to ensure accuracy of the record, we remand this matter to the trial court to correct the multiple offender UCO and sentencing minute entry to reflect that the entire enhanced sentence is to be served without the benefit of parole, probation, or suspension of sentence. *See State v. Woods*, 15-247 (La. App. 5 Cir. 9/23/15), 176 So.3d 672, 676.

There are also discrepancies between the transcript and the sentencing minute entry, the original UCO, and the multiple offender sentencing minute entry. The sentencing minute entry and the original UCO, as to count two— aggravated crime against nature in violation of La. R.S. 14:89.1(A)(2)—reflect that defendant's 20-year sentence at hard labor is to be served without benefits. Additionally, the multiple offender minute entry reflects that defendant's sentence on count two is to be served without benefits. However, the original sentencing transcript reflects that the trial court did not restrict benefits on count two, and the pertinent penalty provision of La. R.S. 14:89.1 does not provide for a restriction of benefits. Where there is a discrepancy between the transcript and the minute entry, the transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). Thus, the sentencing minute entry, the original UCO, and the multiple offender minute entry must be corrected to delete the restriction of benefits as to count two.

Additionally, the record reflects that the trial court informed defendant that he was required to comply with the sex offender notification/registration requirements, and a written copy is included in the record. The advisal is also included in the sentencing minute entry. However, the original UCO fails to

indicate as a "Sentence Condition" that defendant shall comply with the Sex Offender Registration statute under the provisions of La. C.Cr.P. art. 895 and La. R.S. 15:541, *et seq.* The UCO specifically contains an unchecked box next to a statement that defendant shall comply with these requirements.

To ensure accuracy in the record, we remand this matter to the trial court for correction of the discrepancies in the sentencing minute entries and original UCO. We further direct the trial court to transmit the original of the corrected UCOs to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. *See State v. Allen*, 19-377 (La. App. 5 Cir. 4/30/20), 296 So.3d 1096, 1107, *writ denied*, 20-795 (La. 12/8/20), 306 So.3d 431; and *State v. Chinchilla*, 20-60 (La. App. 5 Cir. 12/23/20), 307 So.3d 1189, 1199, *writ denied*, 21-274 (La. 4/27/21), 314 So.3d 838, *cert. denied*, -- U.S. --, 142 S.Ct. 296, 211 L.Ed.2d 138 (2021).

## DECREE

For the reasons stated, we affirm defendant's multiple offender adjudication and sentence. We also remand to the trial court with instructions to correct the multiple offender UCO, the original UCO, and the sentencing minute entries.

### AFFIRMED; REMANDED WITH INSTRUCTIONS

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KA-260

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

### MAILED

TUCKER H. WIMBERLY (APPELLEE)
ATTORNEY
3421 NORTH CAUSEWAY BOULEVARD
SUITE 408
METAIRIE, LA 70002

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
LINDSAY L. TRUHE (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053